## Osborne v. Howard, et al.

(Decided June 23, 1922.)

### Appeal from Graves Circuit Court.

1. Vendor and Purchaser—Remedies of Purchaser.—A purchaser of land can not successfully defend against suit for the purchase price by averring and showing that he examined the land but one time and that hurriedly and discovered that it was red and poor, whereas the vendor at the time declared to the purchaser that the land was all right and had been a dairy farm for twelve years and only cultivated two years during that time, for it is the duty of the purchaser of land to make an examination and to judge of it for himself when he has the opportunity to do so.

2. Vendor and Purchaser—Remedies of Purchaser.—A purchaser who examines the land and finds it is red and thin and so tells the vendor who recommends the lands as good, is not entitled to relief upon the payment of purchase money because the representations made by the vendor were untrue, as one can not rely upon a representation which he knows to be untrue.

HESTER & HESTER for appellant.

W. J. WEBB for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee Howard, in November, 1919, sold and conveyed to appellant Osborne an 80-acre farm in consideration of $10,000.00, a small part of which was paid in cash and the balance was represented by notes with a lien on the property for their security. One of the notes, dated November 11, 1919, and due March 1, 1920, for $1,300.00 was not paid at maturity, and on July 10, 1920, appellee

Howard and T. F. Maddox to whom Howard had assigned a one-half interest in the note, brought this action in the Graves circuit court to recover $1,300.00 and interest on said note. Appellant Osborne filed an answer, counterclaim and a cross petition by which he denied in part the averments of the petition but admitted the purchase of the land at the price of $10,000.00 and the execution of the several notes, including the one sued on; that Osborne had assumed a note of $1,750.00, due to Barnes and Burgess, and set forth that said parties were necessary to a complete settlement of the controversy. · He averred that "he was not acquainted with said land before he purchased it; only had a chance to make a slight examination of it one time, at which time a part of it was in grass which made it look well, but some of the soil looked red, and after this limited examination of said land he told said Howard that he was afraid it looked thin, and said Howard replied, "Old sport, that farm is all right, it has been a dairy farm for twelve years, well rested, has only been worked two years, this and last year—1919 and 1918 —been rested twelve years and worked two years,'" to which the defendant said: "Harry, if you know what you are talking about I will buy it on your word and honor, but if it is not I wouldn't give you $3.000.00 for it." To which said Howard replied: "I know what I am talking about. It will make a thousand pounds of tobacco to the acre or ten barrels of corn." In response to which the defendant said: "I ain't hunting land that is not rested and cannot produce, I want land that will stand gouging."

A general demurrer was sustained to the answer, counterclaim and cross petition of appellant Osborne, containing the foregoing averments, and upon his failure to plead his said counterclaim was dismissed and judgment for the amount of the note with interest was entered against him. From this judgment he appeals.

The only question presented is the sufficiency of the answer, counterclaim and cross petition. It avers that the representations set out above were fraudulently made by Howard for the purpose of deceiving and misleading appellant into purchasing the property; that said statements were untrue when made and known by Howard to be untrue; that appellant relied upon said representations and but for them would not have purchased the property. It must not be forgotten that the pleading set forth that appellant Osborne had an opportunity to and

did examine the premises before he purchased same, although he says it was a hurried examination, but gave no reason why it was necessary to be in a hurry in making said examination; that part of the farm was then in grass, which made it look well, but some of the soil looked red and after making this hurried examination appellant told Howard that he believed the land thin and poor, to which Howard replied: "Old sport, that farm is all right; it has been a dairy farm for twelve years, well rested and has only been worked two years, this and last year, 1919 and 1918; been rested twelve years and worked two years." In response to this appellant said: "Harry (meaning Howard) if you know what you are talking about I will buy it on your word and honor, but if it is not I wouldn't give you $3,000.00 for it." Answering this Howard said: "I know what I am talking about, it will make a thousand pounds of tobacco to the acre or ten barrels of corn." Appellant admits in brief that the statements last above quoted that "the land would make a thousand pounds of tobacco to the acre and ten barrels of corn," was a mere expression of opinion which would not form the basis of a suit for damage for fraud or deceit in the sale of the farm. From the averments of the answer and counterclaim it is plain that appellant Osborne made an examination of the farm before he purchsed it and so far as that pleading shows he had full and fair opportunity to make a thorough investigation of the merits of the land and was under no necessity of accepting the *trade talk* which Howard gave to him. Appellant was a farmer and acquainted with the soil in that part of Kentucky. He was equally able with Howard to judge its nature and value. It was his duty, while on the farm as a prospective purchaser, to make an examination of it. He had no right to close his eyes and rely upon the boosting talk of Howard with whom he was dealing at arm's length. There was no confidential relation between them. Having looked at the farm appellant said to Howard. "This land looks thin or poor, and I am afraid of it," which brought forth the declaration from Howard that the farm was all right; that it had been rested for twelve years and cultivated two years, and this is the only statement set forth in appellant's pleadings which even approaches a false representation, such as the law recognizes as a basis for recovery of damages. That representation, however, was a very remote and a rather indefinite statement of the condition of

the soil at which appellant was then looking. Being a farmer he was acquainted with the nature and quality of good soil in that part of the state. He was able to judge it for himself, and having examined the soil on the farm he declared to Howard that it looked thin. One is not entitled to recover for a false representation made to him in a trade upon which false representation he does not rely, nor is he entitled to rely upon a false representation made to him when he has evidence before him that clearly and plainly contradicts it. It is said an action for false representations, called also an action of or for deceit, may be maintained against a party who makes a false representation of a fact with knowledge of its falsity, to one who is ignorant of its falsity, with intent that it shall be acted upon, where the person to whom it is made acts upon it, and by doing so suffers injury.

It did not matter whether the farm had been used for dairy purposes or not, if the soil was good and would produce fair crops; and appellant could not base his action upon the mere false statement that the farm had been used for dairy purposes for twelve years. It is an ancient rule, inherited from the common law and well established in our jurisprudence, that in land deals, like the one under consideration, the rule of *caveat emptor* applied, and it is only relaxed when it is shown that the vendor does something to prevent the prospective purchaser from making a thorough examination of the premises to ascertain its nature and value, or when the property, which is the subject of the sale, lies at a great distance from the parties to the trade, and the purchaser has no reasonable opportunity to visit and examine it. In such case the vendor's representations made to and accepted by the vendee as true may, if material, constitute a cause of action in favor of the latter.

Judgment affirmed.