Robert CRAWLEY, Sr., and Lillian Kerrick, Appellants,

v.

Dan TERHUNE and Joy E. Terhune, his wife, Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1969.

James P. Hanrahan, Frankfort, for appellant Robert Crawley.

Robert T. Harrod, Frankfort, for appellant Lillian Kerrick.

Max M. Smith, Chancellor & Darnell, Frankfort, for appellees.

CULLEN, Commissioner.

Dan Terhune and wife purchased a new house from Robert Crawley, Sr., the builder-owner. Lillian Kerrick acted as broker in the sale. Several months after the Terhunes moved in they started to have trouble with water in the basement. Rain water came in through the walls and would not drain out.

The Terhunes sued both Crawley and Kerrick, predicating their claim against Crawley on breach of an implied warranty, and their claim against Kerrick on deceit. The case went to the jury which returned a verdict against both defendants, jointly and severally for $6,000. Judgment was entered accordingly, from which both Crawley and Kerrick have appealed.

We shall first consider the claim against Kerrick. There was evidence that during the period when the house was being built, and the Terhunes were considering its purchase, Kerrick assured the Terhunes on several occasions that the house would have a dry basement. However, there was no proof that Kerrick knew or should have known that the basement was being constructed in a faulty manner and would not be dry. According-

ly, the evidence did not warrant a recovery against Kerrick. To establish deceit the representation must be made with knowledge of its falsity or under circumstances that do not justify a belief in its truth. The plaintiffs here did not establish scienter of the falsity of the representation. See Bunch v. Bertram, 219 Ky. 848, 294 S.W. 805.

■ This brings us to the claim against Crawley. The evidence was that the basement walls were not so constructed as to withstand surface water pressure, being of concrete block with no coating or sealing; there was an absence of drain tile around the outside of the house; and the basement floor did not have proper drainage facilities. Testimony by an architect and an engineer was to the effect that the construction did not conform to accepted practices and standards. Thus, if there was at law an implied warranty in the sale, the evidence showed a breach of it.

The majority rule is that there is no implied warranty of fitness, condition or quality in the sale of a new dwelling. See Annotation, 78 A.L.R.2d 446. However, a few jurisdictions do recognize such a warranty. See Loma Vista Development Co. v. Johnson, Tex.Civ.App., 177 S.W.2d 225; Bozeman v. McDonald, La.App., 40 So.2d 517; Bethlahmy v. Bechtel, 91 Idaho 55, 415 P.2d 698.

Because the caveat emptor rule is completely unrealistic and inequitable as applied in the case of the ordinarily inexperienced buyer of a new house from the professional builder-seller, and because a contract by the builder to sell a new house is not much distinguishable from a contract to build a house for another, we are disposed to adopt the minority view to the extent of holding that in the sale of a new dwelling by the builder there is an implied warranty that in its major structural features the dwelling was constructed in a workmanlike manner and using suitable materials.

The instructions in the instant case substantially presented the theory of implied warranty above approved and the evidence supported the finding of a breach of such warranty. Accordingly, the recovery against Crawley was proper.

The judgment against Kerrick is reversed.

The judgment against Crawley is affirmed.

All concur.