C. W. BORDEN and wife, Wanetta Borden, Appellants,

v.

Ronald LITCHFORD and wife, Faye Litchford, Appellees.

Court of Appeals of Kentucky.

June 5, 1981.

Discretionary Review Denied Sept. 15, 1981.

David W. Anderson and David F. Broderick, Bowling Green, for appellants.

W. Currie Milliken, Milliken & Milliken, Bowling Green, for appellees.

Before HAYES, C. J., and LESTER and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment based on a jury verdict entered March 17, 1980, awarding $6,500 in damages in connection with the construction and sale of a new home.

On July 1, 1977, the Litchfords, whose residence was taken by urban renewal, contracted with the Bordens for the purchase of a residence which was under initial stages of construction. At trial the Litchfords testified that they were told the house they were purchasing would be just like an adjacent house which had been built by the Bordens except there would be more and better cabinets.

The Litchfords stated that they requested the Bordens to make certain changes in the house which were refused. During the completion of the residence, the Litchfords inspected the house almost daily and frequently complained of deficiencies. The closing was originally scheduled for October 14, 1977, but the Litchfords refused to close because the house was defective. The Litchfords said that after their refusal, a "For Sale" sign was placed in the front yard of the house. The closing was rescheduled for October 18, and the Litchfords acknowledged that they were aware of approximately twenty-five defects, but that in spite of such knowledge, they accepted a deed for the house. The lawsuit sought damages for an alleged breach of contract by the Bordens for failure to construct the residence in a good and workmanlike manner and in accordance with the written and oral representations and promises made to the Litchfords. At the close of the plaintiffs' proof, and again at the close of all the evidence, the Bordens' motion for a directed verdict was overruled. A majority of the jury returned a verdict in the amount of $6,500 in favor of the Litchfords. This appeal followed.

The Bordens argue as follows:

(1) The trial judge committed reversible error in refusing to direct a verdict against the Litchfords.

(2) The trial court committed reversible error in admitting testimony concerning oral representations.

This Court reverses the judgment and remands this matter for further proceedings.

Any express representations or promises were merged into the deed which the Litchfords accepted. There is no fraud involved.

The evidence indicates that the Litchfords were well aware of the vast majority of the defects of which they now complain at the time they accepted the deed. Under these circumstances, it appears that they had ample opportunity to observe and inspect the premises and to reject the deed if

they so chose. They knew of the problems and defects, and yet they decided to purchase the property and accepted the deed anyway.

The trial court erred in submitting the case to the jury under an express warranty instruction because it incorrectly applied the case of *Billy Williams Builders and Developers, Inc. v. Hillerich*, Ky., 446 S.W.2d 280 (1969). That case stands for the proposition that a buyer who is aggrieved by a breach of contract for the construction and sale of a new home has two remedies, both specific performance and damages. The *Williams* decision does not abrogate or limit the application of the merger doctrine in Kentucky. The crucial difference between *Williams* and this case is that the buyer in *Williams* never accepted a deed prior to filing a suit. Here they did. The trial court failed to recognize this fundamental distinction in ruling on the motion for a directed verdict. Appellant's argument is logically appealing, but this Court cannot extend the *Williams* holding.

The merger doctrine holds that all prior statements and agreements, both written and oral, are merged into the deed and the parties are bound by that instrument. Therefore any express warranties made by the Bordens or their agent were merged into the deed and the Litchfords could not rely on those representations for recovery. By accepting a deed to the property, the Litchfords also accepted all the observable defects.

In regard to the caveat emptor rule, it has been held in Kentucky that an implied warranty exists with regard to major structural defects in a new home. A new dwelling must be built in a workmanlike manner using suitable materials. *Crawley v. Terhune*, Ky., 437 S.W.2d 743 (1969). In that case it was said that the caveat emptor rule is completely unrealistic and inequitable as applied in the case of the ordinarily inexperienced new-home buyer from a professional builder-seller. *See* Annot., 25 A.L.R.3d 383 (1969).

The harsh and ancient doctrine of caveat emptor has been softened by an increasing number of modern decisions. The ordinary home purchaser is not in a position to ascertain latent and nonobservable defects. Courts have struggled with the apparent injustice to home buyers for years. A variety of answers have been given. For a general discussion, *see* 235 A.L.R.3d 383, (1969).

It should be noted that in respect to implied warranty, the concept of merger does not relate to inherent, nonobservable defects. In our consumer-oriented society, an inexperienced vendee usually does not fully understand the limited, but important, concept of a warranty deed. Such warranty relates only to the title to the real property. It does not extend to the quality of the workmanship on the dwelling built on the land. The principle of merger addresses itself in a technical legal sense to the contract of sale and the deed. Acceptance of the deed to the land does not automatically create a presumption that any provisions of the original contract of sale as to the quality and workmanship of the construction were fully performed. For a comprehensive analysis of the modern legal interpretation of the relationship between the buyer and seller of real property, *see McDonald v. Mianecki*, 79 N.J. 275, 398 A.2d 1283 (1979).

The case of *Anderson v. Scholz Homes, Inc.*, Ky.App., 558 S.W.2d 639 (1977), fails to recognize the decision of Kentucky's highest court in *Crawley*, in which the then majority rule was abandoned in certain circumstances. We must apply the *Crawley* rule. S.Ct. Rule 1.030(8)(a). It may have been overlooked because of indexing problems. *See*, Peltier and Coleman, *Kentucky Law Survey—Commercial Law*, 67 Ky.L.J. 523, 555 (1979).

If the Litchfords presented evidence of a latent structural defect of which they had no knowledge, they would be entitled to go to the jury under an implied warranty instruction. However, the instructions given here were not proper because they permitted the jury to find for the Litchfords on the basis of the written

contract or the verbal representations of the agent.

■ The case of *Isaacs v. Cox*, Ky., 431 S.W.2d 494 (1968), is cited by both parties in support of their respective positions. It was error for the trial judge to allow testimony concerning an oral representation because the *Isaacs, supra,* holding is applicable only in cases of fraud. Both cases noted in the *Isaacs* opinion, *Bryant v. Troutman,* Ky., 287 S.W.2d 918 (1956), and *Sanders, Inc. v. Chesmotel Lodge, Inc.,* Ky., 300 S.W.2d 239 (1957), involved fraud.

Here there is no allegation or proof of fraud. The statement that the Litchfords' house would be just like an adjacent house is not a representation of a past or existing fact but a promise to do something in the future. This kind of oral promise varies the terms of a written instrument, the deed, and should have been excluded from evidence under the parol evidence rule.

The judgment is reversed, and this matter is remanded for a new trial only as to the nonobservable, latent, structural defects.

All concur.