**BALL HOMES, INC. and Balco Realty, Inc., Movants,**

v.

**Grace Deahl VOLPERT and Patrick Volpert, Respondents.**

and

**KINDRED HOMES, INC., Movant,**

v.

**Grace Deahl VOLPERT and Patrick Volpert, Respondents.**

Supreme Court of Kentucky.

May 25, 1982.

W. R. Patterson, Jr., Larry C. Deener, Landrum, Patterson & Dickey, Lexington, for movants Ball Homes, Inc., et al.

Edward R. Hays, Hays, Moss & Stigger, Lexington, for movant Kindred Homes, Inc.

Bernard Leachman, Jr., Louisville, for respondents.

Gary W. Barr, Stoll, Keenon & Park, Lexington, for Wolf Creek Collieries.

Allen R. Brown, Louisville, for Cox & Crawley, Inc.

Louis N. Garlove, Louisville, for Bickel-Gibson Associates Architects, Inc.

Armer H. Mahan, Jr., Louisville, for American Roofing Co., Inc.

Don F. Schmidt, Louisville, for Triangle Industries, Inc.

PALMORE, Chief Justice.

The respondents, Grace D. and Patrick Volpert, purchased a new home in 1972 from its builders, Ball Homes and Kindred Homes. It was destroyed by fire in 1978. The Volperts brought suit in 1980 against

the builders, claiming that the loss of their property resulted from a defect in the electrical wiring system existing at the time they bought the property. The trial court dismissed the action as barred by the statute of limitations set forth in KRS 413.135, enacted in 1966. The Court of Appeals reversed, relying largely on *Crawley v. Terhune*, Ky., 437 S.W.2d 743 (1969), and *Saylor v. Hall*, Ky., 497 S.W.2d 218 (1973), for its conclusion that as applied to the damage sustained by the Volperts KRS 413.135 is unconstitutional. Our conclusion is that the trial court was correct.

In *Saylor* we were concerned with a negligent tort, and were of the opinion "that there was an existing right of action in this state for the type of negligence claimed in this lawsuit when the questioned statutes were enacted." 497 S.W.2d at p. 224. We held that by reason of Const. Sections 14, 54, and 241 the limitations statutes could not operate to destroy a cause of action before it came into legal existence. Id., at p. 225.

The obvious converse of that proposition is that if the cause of action is of a type that did *not* exist when the limitations statute was enacted, it is not protected by those sections of the Constitution.

*Crawley v. Terhune*, Ky., 437 S.W.2d 743 (1969), rejected the rule of caveat emptor "in the case of the ordinarily inexperienced buyer of a new house from the professional builder-seller .... to the extent of holding that in the sale of a new dwelling by the builder there is an implied warranty that in its major structural features the dwelling was constructed in a workmanlike manner and using suitable materials." 439 S.W.2d at p. 745. Clearly, however, this was a departure from the law as it had prevailed in this state before that time.

"It is an ancient rule, inherited from the common law, and well established in our jurisprudence, that in land deals ... the rule of caveat emptor applies, and it is only relaxed when it is shown that the vendor does something to prevent the prospective purchaser from making a thorough examination of the premises," etc. *Osborne v.*

*Howard*, 195 Ky. 533, 242 S.W. 852, 853 (1922).

"As a general rule where no direct representation is made by the vendor concerning definite facts and the purchaser has sufficient opportunity to observe the condition of the premises, the maxim of caveat emptor is applicable ... " *Fannon v. Carden*, Ky., 240 S.W.2d 101, 103 (1951).

The limitations statute under discussion was enacted in 1966. At that time the law of this state did not provide a cause of action by the vendee of real estate against the vendor on the basis of an implied warranty, as later developed in *Crawley*. Hence there was no constitutional impediment to the statute, and it applies to this case.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

PALMORE, C. J., and AKER, O'HARA, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting. All concur.