**William FERGUSON and Suzanne Ferguson, Appellants,**

v.

**Henry CUSSINS and Ramona Cussins, Appellees.**

Court of Appeals of Kentucky.

July 18, 1986.

Thomas L. Rouse, Covington, for appellants.

Nick Benson, Walton, for appellees.

Before GUDGEL, HOWERTON and MILLER, JJ.

MILLER, Judge.

On August 11, 1983, appellant/Suzanne Ferguson purchased, from appellees/Henry and Ramona Cussins, a gas station situated on a lot in Independence, Boone Coun-

ty, Kentucky. The deed to the property, which was prepared by Suzanne's attorney, contained the following clause:

It is agreed between the parties that the sellers are selling the property *as is* and they are making no warranty or guaranty as to the condition of the buildings nor any of the equipment or fixtures which are being sold with the building. (Emphasis added.)

Suzanne then entered into a contract to sell the same property to her stepson, appellant/William Ferguson. Upon taking possession of the property, William discovered that the underground gasoline storage tanks were badly rusted and needed to be replaced. This was completed at a cost of $54,000.00. Suzanne and William then filed this lawsuit against appellees, alleging they would not have purchased the service station had they known the condition of the tanks, and, further, that Henry Cussins, in a conversation with William, had fraudulently misrepresented the condition of the underground tanks. William testified, by deposition, that when asked about water in the tanks, Henry replied that any water in same was a result of condensation. Henry denies making such statement, but argues that even if he had made the statement, it would not amount to a material misrepresentation of the facts. The trial court granted appellees' motion for summary judgment. CR 56. Suzanne and William appeal, arguing that summary judgment was not appropriate as the proof submitted had created a genuine issue of fact regarding the condition of the tanks. We agree and reverse. We are here concerned with the construction and effect of a provision in a contract for the sale of realty providing for the sale and purchase of the property "as is."

 The general rule is that real estate is sold in an "as is" condition, and all prior statements and agreements, written and oral, are merged into the deed of conveyance, and the purchaser takes the property subject to the existing physical condition. The doctrine of *caveat emptor* obtains. 77 Am.Jur.2d *Vendor and Purchaser* § 329 et seq. (1975). There are certain exceptions to this rule, however, as where the defective condition is inherently nonobservable. *See Borden v. Litchford,* Ky.App., 619 S.W.2d 715 (1981).

 Specifically, in the case at hand, we are met with a contract providing by its express terms that the conveyance is made in an "as is" condition. Such provisions attempting to nullify extraneous representations amounting to fraud are not effective. Notwithstanding their presence, a charge of fraud may be maintained. The theory is that the injured party is fraudulently induced to enter into the contract in the first instance, and therefore parol evidence is appropriately admitted not to vary the terms to a written agreement but rather to vitiate the agreement based on the fraudulent inducement. *See Bryant v. Troutman,* Ky., 287 S.W.2d 918 (1956).

 Appellants' action rests not upon contract but in tort for the act of misrepresentation. There exists an issue of fact upon which appellants are entitled to offer evidence to sustain this contention, if at all, by clear and convincing evidence. *See Alvey v. Union Investment, Inc.,* Ky.App., 697 S.W.2d 145 (1985). Appellants may introduce evidence concerning the condition of the tanks. They may also introduce evidence (1) as to what appellees did or did not know of the condition, and (2) what information was conveyed to them by appellees as an inducement to purchase. These facts are in dispute.

For the foregoing reasons, the judgment of the Kenton Circuit Court is reversed and this cause is remanded for procedures consistent with this opinion.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.