Ervin M. ENZWEILER, Appellant,

v.

**PEOPLES DEPOSIT BANK OF BUR-
LINGTON, KENTUCKY, Appellee.**

No. 86–CA–2440–MR.

Court of Appeals of Kentucky.

Dec. 4, 1987.

Lanny R. Holbrook, James R. Poston, Jr., Cincinnati, Ohio, for appellant.

James A. Dressman, III, Covington, for appellee.

Before HOWERTON, C.J., and COMBS and WEST, JJ.

COMBS, Judge.

This is an appeal from the summary judgment of the Campbell Circuit Court, holding appellant personally liable under a guaranty agreement for debts to appellee on two promissory notes.

Thomas Rhein borrowed money from appellant Peoples Deposit Bank of Burlington, Kentucky [Peoples Bank], on two occasions in 1982. The first note was for the amount of $70,000.00. Appellant Ervin M. Enzweiler signed this note as guarantor. Enzweiler was at that time President of Northern Kentucky Bank and Trust [NKBT] of Alexandria, Kentucky. He signed the note: "Ervin M. Enzweiler Pres.". The second note was for the amount of $55,000.00. Enzweiler also signed this note as guarantor, and was also

at that time President of NKBT. Enzweiler signed this note: "Ervin M. Enzweiler".

Thomas Rhein defaulted on both notes, and filed for bankruptcy. Peoples Bank brought suit against Enzweiler and later added NKBT as a defendant. The trial court entered two summary judgments: the first in favor of Peoples Bank as against Enzweiler personally; the second in favor of NKBT as against Peoples Bank.

Enzweiler appeals contending that there exists genuine issues of material fact, and that the evidence of the actions and intentions of the parties, as well as the Kentucky Commercial Code, show that he was not personally liable.

Enzweiler testified that it was his intention to sign the notes in his official capacity as President of NKBT, and that he always understood that he was not personally guaranteeing payment. He also produced an affidavit by the President of Peoples Bank, who had transacted the notes, wherein he swore that his intention and belief were the same as Enzweiler's. Peoples Bank never requested a personal financial statement from Enzweiler, nor was one ever provided.

We disagree with Enzweiler's contentions and affirm the trial court.

What authority Enzweiler had, if any, to obligate NKBT to pay the $70,000.00 note should Rhein default is our first concern. We believe he had none.

First, NKBT had no inkling that Enzweiler was dealing with Rhein.

Second, KRS 287.280 limited NKBT at that time to a lending limit of $200,000 per customer, and Rhein had already reached that limit.

Third, federal law, in existence at that time, prohibited NKBT from guaranteeing the obligations of another. 12 C.F.R. § 332.1.

■ Fourth, Enzweiler could not have had even apparent authority to bind NKBT. Apparent authority is based upon the representation or conduct of the principal, not of the agent. *Savannah Sugar Refinery*

*v. RC Canada Dry,* Ky.App., 593 S.W.2d 880 (1980). Since NKBT was not aware of Enzweiler's dealings in this matter, it is inconceivable how anything it did cloaked Enzweiler with apparent authority.

■ Thus, Enzweiler's actions with regard to the $70,000.00 note are governed by KRS 355.3–404(1). That statute states:

Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value.

The facts enumerated above demonstrate that NKBT did nothing that would preclude it from denying Enzweiler's lack of authority. NKBT has not ratified his actions as its own. Thus, the trial court correctly concluded that Enzweiler was personally liable for guaranty of the $70,000.00 note.

■ Enzweiler, however, argues that even if this is true he is still not personally liable for payment because Peoples Bank did not take the note in good faith as is required by Section 3–404(1). He alleges that Peoples Bank was negligent in not ascertaining Enzweiler's lack of authority, and such is bad faith.

KRS 355.1–201(19) defines good faith as "honesty in fact in the conduct or transaction concerned." This definition simply does not include negligence. We can envision circumstances whereby a lending institution's contrivance to remain ignorant of someone acting without authority would amount to bad faith under the statute.[1] However, if that situation were to arise then the intent would negate negligence by the most elemental definition of the word.

■ Our disposition of the controversy surrounding the second note for $55,000.00 is much simpler. Enzweiler signed that note simply: "Ervin M. Enzweiler". Even if he was authorized at that time to make this loan, which we deny for rationales stated earlier, we need look only to KRS 355.3–403(2) which states:

1. "Plausible deniability" in modern parlance.

An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

■ Subsection 2(a) says enough to warrant affirmation of the trial court on the second note. We adopt the language of the Kentucky Commentary to the extent we hold that the bare signature of the agent obligates only the agent, and parol evidence is inadmissible under subsection 2(a) to disestablish his or her obligation. We harmonize our opinion today with *Kennedy v. Joy Manufacturing Company*, Ky.App., 707 S.W.2d 362 (1986). The *Kennedy* decision did not hold that parol evidence would be considered to disestablish an agent's personal liability where only the agent's name appears on the instrument, but did hold that the agent's bald assertion that he intended to bind the principal also does not overcome KRS 355.3–403(2)(a).

The decision of the Campbell Circuit Court is hereby affirmed.

All concur.