**William E. WILSON and Lillian K. Wilson, Appellants,**

v.

**SOUTHLAND OPTICAL CO., INC., Robert Cook, d/b/a Graphic Productions, and Thomas W. Burich and Helen C. Burich, Appellees.**

No. 87–CA–1342–MR.

Court of Appeals of Kentucky.

Dec. 22, 1988.

Rehearing Denied Feb. 24, 1989.

Discretionary Review Denied
by Supreme Court
Aug. 30, 1989.

James E. Toombs, Pfeiffer, Toombs, Wides & Lawson, Lexington, for appellants.

Leslie Rosenbaum, Bradley D. Harville, Rosenbaum & Rosenbaum, Lexington, for Southland Optical.

E. Douglas Stephan, Geralds, Moloney & Jones, Lexington, for Cook.

Elizabeth S. Feamster, Fowler, Measle & Bell, Lexington, for Thomas W. Burich and Helen C. Burich.

Before HAYES, MILLER and WEST, JJ.

MILLER, Judge.

This is an appeal from a judgment of the Fayette Circuit Court wherein the appellees

were awarded $246,836.46 following a jury trial.

The facts are these: On June 21, 1984, a fire occurred at property located at 347 and 349 Southland Drive, Lexington, Kentucky. At the time of the fire, appellees/Thomas N. and Helen C. Burich, were the record owners of the property. The Buriches had purchased the property from the appellants/William E. Wilson and Lillian K. Wilson twenty-one days prior to the fire. Appellees/Southland Optical Company, Inc. (Southland Optical) and Robert Cook d/b/a Graphic Productions (Cook) were commercial tenants on the premises. Southland Optical and Cook sustained damages to personal property as a result of the fire. David Yates (a party below, but not to this appeal) was an electrical technician hired by the Wilsons, approximately one year prior to the fire, to install an air-conditioning unit at the premises in question.

Three separate lawsuits were filed following the fire. The Buriches (purchasers) sued the Wilsons (vendors) together with Yates (installer of the air-conditioning system). Also, the Buriches' tenants, Southland Optical and Cook, each sued the Wilsons and Yates. In essence, the respective suits sounded in tort, based upon the alleged negligence of the Wilsons and Yates. The cases were consolidated for trial. The jury found the Wilsons and Yates jointly and severally liable and awarded damages against them on behalf of the Buriches, Southland Optical, and Cook. This appeal concerns only the Wilsons' liability. We frame the central issue as follows: What is the liability of a vendor of land to his purchaser and the purchaser's tenants for losses resulting from defects in the premises?

William Wilson testified that he hired Yates to install a new air conditioner on the recommendation of Cook. He assumed Yates could install the unit. Yates was not a licensed electrician. He had held various jobs in electrical maintenance. Yates testified that when he installed the new air-conditioning unit on the roof, he discovered that an old air-conditioning unit located there still had power running to it. He did not trace the wiring, but decided to use this same power source for the new unit.

Thomas Eaton, an expert witness and engineer who investigated the fire, testified that an electrical wire that ran through an air-conditioning duct "shorted out," burned through the metal duct, and caused the fire. He traced the burned wire from the furnace room breaker-box, through sheet metal duct work, and onto the roof. Having been in place for many years, this old wire furnished the energy for the old air-conditioning unit which Yates tapped into when installing the new unit. It was Eaton's opinion that the new unit was incorrectly installed and was the primary cause of the fire. Specifically, he found fault with the size of the wiring, the lack of proper grounding, and the use of the old unit as a source of energy.

The foregoing constitutes the essential evidence. The entire trial was focused upon Yates's negligence in installing the new air-conditioner for which the Wilsons (and Yates) were held liable under *Rietze v. Williams*, Ky., 458 S.W.2d 613 (1970).

The Wilsons bring this appeal raising several points of error. Their first contention is that they were entitled to dismissal based upon the doctrine of *caveat emptor*. We agree with this contention and, it being dispositive of the case, we will not address the other issues presented.

In our view, the trial court's reliance on the *Rietze* case was misplaced. While the *Rietze* opinion is lengthy, the holding is quite narrow. It held that the *manager* of rental property could be held liable for injuries sustained by the guest of a tenant injured by a defective water heater negligently installed by an independent contractor. The liability of a former landowner was not at issue.

It has long been the rule that in sales of real property, with limited exceptions [1], the doctrine of *caveat emptor* is applicable. *See Ferguson v. Cussins*, Ky.App., 713 S.W.2d 5 (1986). This is the rule enunciated in *Restatement (Second) of Torts*

---

1. One exception, not relevant to the case *sub judice*, is the "first purchaser of a new home" rule, set forth in the case of *Crawley v. Terhune*, Ky., 437 S.W.2d 743 (1969).

(1965), the relevant sections and/or portions thereof being set forth as follows:[2]

§ 352. DANGEROUS CONDITIONS EXISTING AT TIME VENDOR TRANSFERS POSSESSION

Except as stated in § 353, a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession.

§ 353. UNDISCLOSED DANGEROUS CONDITIONS KNOWN TO VENDOR

(1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if

(a) the vendee does not know or have reason to know of the condition or the risk involved, and

(b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.

. . . .

In view of the doctrine of *caveat emptor* enunciated in Section 352 (above), any liability of the Wilsons', under the circumstances presented, must be predicated upon Section 353. The fact is, after sale and delivery of possession of the land in question, it became of no consequence that a dangerous condition (if any there was) existing thereon at the time of the transaction was natural or unnatural, or that it was created by an intentional or uninten-

tional act, or that it originated by the act of the Wilsons, their agent, or an independent contractor. They, as vendors, are not liable unless the liability is predicated upon Section 353, or perhaps some other exception not present in this case. *See Ferguson*, 713 S.W.2d at 5. We are cited to no authority to the contrary.

Consequently and simply stated, the ultimate issue as to the Wilsons' liability is whether or not they, at the time of selling the property, knew or should have known of a dangerous condition that might lead to fire and of which the purchaser and tenants would not reasonably have been expected to appreciate. On this issue, we believe the evidence was insufficient to warrant submission. The appellees' complaints should have been dismissed.

For the foregoing reasons, the judgment of the Fayette Circuit Court is reversed.

All concur.

---

**2.** Section 356 of the *Restatement (Second) of Torts* (1965), pertaining to landlord and tenant, parallels § 352 pertaining to liability of vendors of land. This is true because the transfer from landlord to tenant is regarded as the equivalent of a sale of land for the term of the lease. *See Restatement (Second) of Torts* § 356 comment a. Likewise, § 17.1 of the *Restatement (Second) of Property*, Landlord and Tenant, (1977) sets forth

the landlord's liability to the tenant for undisclosed dangerous conditions known to the landlord. The position of the landlord after a transfer of his interest is analogous to that of a vendor as set forth in *Restatement (Second) of Torts* § 353. *See Restatement (Second) of Property*, Landlord and Tenant, § 17.1 comment 1 (1977).