**Robert P. AUD and Jay Aud, Plaintiffs,**

v.

**ILLINOIS CENTRAL RAILROAD CO., Defendant.**

Civil Action No. 4:96–CV–23–M.

United States District Court, W.D. Kentucky.

Jan. 13, 1997.

John H. Helmers, Owensboro, KY, for Robert P. Aud and Jay Aud.

Jonathan Freed, Charles D. Walter, Boehl, Stopher & Graves, Paducah, KY, for Illinois Central Railroad Co.

## MEMORANDUM OPINION AND ORDER

McKINLEY, District Judge.

This matter is before the Court upon the Defendant's motion for summary judgment [DN 12]. The matter has been fully briefed and is ripe for a decision.

### SUMMARY JUDGMENT STANDARD

Fed.R.Civ.P. 56(c) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The inquiry under Fed.R.Civ.P. 56(c) is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). *See also, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The party seeking summary judgment bears the initial responsibility for informing the Court of the basis for its motion which the party believes demonstrates the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. A proper summary judgment may be opposed by any evidentiary material listed in Fed. R.Civ.P. 56(c), except for the mere pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Evidence of a nonmovant is to be believed, "and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the nonmoving party's case, such as proof by clear and convincing evidence must be satisfied by the nonmoving party. *Street*, 886 F.2d at 1479–80. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, the motion for summary judgment should be granted." *Pitts v. Michael Miller Car Rental*, 942 F.2d 1067, 1069–70 (6th Cir. 1991) (citing *Matsushita Elec. Ind. Co. v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)).

### FACTS

Defendant, Illinois Central Gulf Railroad (hereinafter "Illinois Central"), conveyed to Plaintiffs, Robert P. Aud and Jay Aud, by a quitclaim deed dated September 20, 1982, a parcel of land located in Daviess County, Kentucky, on which Illinois Central had operated a railroad. The deed provided that Illinois Central "conveys, releases, remises, and forever quitclaims to the Grantee, Robert P. Aud and Jay Aud, ... all its rights, title, interest and claim in and to the ... [land]." Certified Copy of Deed from Daviess Circuit Court, Defendant's Memorandum in Support of Summary Judgment, Exhibit A.

Subsequent to the conveyance, the adjacent landowners to the subject property filed suit in Daviess Circuit Court contesting the ownership of the property alleging that Illinois Central did not have fee simple title to the land when it conveyed the land to Plaintiffs. In 1993, the Kentucky Court of Appeals found that Illinois Central did not have fee simple title to the premises, but instead, a right of way or easement, thereby defeating the Plaintiffs' ownership interest in the property.

Plaintiffs allege in their complaint that Illinois Central asserted at a public hearing held in August of 1982 that it had fee simple ownership to certain lands located in Daviess County and that it had the right to convey the property. Plaintiffs allege that they are

entitled to damages from the Defendant under the Kentucky Consumer Protection Act, KRS 367.220, for failing to return the purchase monies to the Plaintiffs for the price paid for the property.

Defendant moves for summary judgment on the grounds that 1) the Consumer Protection Act, KRS 367.220, is not applicable to the sale and transactions of real estate, and 2) no cause of action lies in favor of Plaintiffs against the Defendant by virtue of the quitclaim conveyance.

## DISCUSSION

■ The Plaintiffs' Complaint states their claim as arising under Kentucky Consumer Protection Act, specifically, KRS 367.220, which provides a private cause of actions to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170 . . . ." As noted in *Commonwealth ex rel Stephens v. North American Van Lines, Inc.*, Ky.App., 600 S.W.2d 459 (1979), the attorney general has broad discretionary powers to prosecute illegal business acts, however, an individual private cause of action may only be brought by "any person who purchases or leases goods or services primarily for personal, family or household purposes." *Id.* at 460.

■ The immediate question, therefore, is whether the Plaintiffs have standing to bring a private cause of action under KRS 367.220. The property in question is real estate with improvements consisting of ballast, railroad ties, and tracks. Does this property constitute goods used primarily for personal, family or household purposes? The Court in *Cohen v. North Ridge Farms, Inc.*, 712 F.Supp. 1265 (E.D.Ky.1989), held that since a thoroughbred horse was not a consumer good, the plaintiff had no standing to bring a private cause of action. The term "goods" as used in the Uniform Commercial Code is defined in KRS 355.2–105(1) as "all things . . . which are movable at the time of identification to the contract for sale . . . ." The real

estate is certainly not moveable. While the improvements thereon may be moveable, the Plaintiffs have failed to show that this property represents a consumer good used primarily for personal, family or household purposes. The Plaintiffs have the burden at this stage of summary judgment motion practice to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (1989) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986)). The Plaintiffs have failed to produce any such evidence. Therefore, the Defendant is entitled to summary judgment. The Plaintiffs have no standing to bring a private cause of action under KRS 367.220.

■ Although their complaint does not assert a contractual claim, the Plaintiffs' response to the Defendant's motion for summary judgment argues that in cases in which a vendor cannot convey the property it contracted to sell, the purchaser is entitled to recover damages for the loss of the bargain. Perhaps the Plaintiffs would have a contractual claim if they had not bargained for and accepted a quitclaim deed. The applicable law of Kentucky provides that a quitclaim conveyance carries with it only such interest which the seller possesses and will not support a cause of action against the purchaser. *Swango v. Kentucky Coal & Timber Development Co.*, Ky., 255 S.W. 114 (1923). In *Arnett v. Stephens*, Ky., 251 S.W. 947 (1923), the court ruled that:

A deed which is only quitclaim in form is sufficient to put the grantee on notice that his grantor has notice of his title and that he is getting a doubtful title.

■ "The grantor by a quitclaim deed makes no representation, covenant, or warranty of title and has no duty or obligation to protect the conveyance against any prior conveyance to others in the chain of title . . . . Accordingly, it may be said that a quitclaim deed carries with it notice of every defect which there may be 'in' the grantor's title." 23 Am.Jur. *Deeds* § 338, 340 (1983).

■ The quitclaim deed put the Plaintiffs on notice, and therefore, it cannot be said

that they were misled. The merger doctrine provides that all prior statements and agreements, both written and oral, not specifically incorporated into a deed or other instrument, are a nullity, and may not be relied upon by any party. *Borden v. Litchford,* Ky.App., 619 S.W.2d 715 (1981). Therefore, it appears to the Court that the Plaintiffs do not have a viable contractual claim even if it were properly asserted.

Therefore, the Defendant is hereby granted summary judgment [DN 12] and the Plaintiffs complaint is hereby dismissed.

THIS IS A FINAL AND APPEALABLE ORDER AND THERE IS NO JUST CAUSE FOR DELAY.