**Richard L. CRAIG, Appellant,**

v.

**Bernard KEENE; Betty Keene; William Erwin; and Kentucky; Real Estate Commission, Appellees.**

No. 1999–CA–000245–MR.

Court of Appeals of Kentucky.

June 16, 2000.

John E. Netti, Jr., Lexington, KY, for appellant.

William R. Erwin, Danville, KY, for appellees.

Before COMBS, HUDDLESTON, and SCHRODER, Judges.

*OPINION*

SCHRODER, Judge.

In an action by a homeowner against the homebuilder, the jury found no fraud and that the house was built in a workmanlike manner. The jury did find that the builder violated the Kentucky Consumer Protection Act but awarded no damages. The trial court awarded attorney fees and costs for violation thereof. We reverse the award of attorney fees and costs because the Kentucky Consumer Protection Act

does not apply to single real estate transactions.

We must assume the facts because neither the appellant's brief nor the brief filed on behalf of some of the appellees contains a statement of the case with references to the record. The Kentucky Real Estate Commission did not file a brief.

Bernard and Betty Keene entered into a contract with Richard L. Craig for building them a new house. Richard built the house and the Keenes filed suit against the builder for breach of warranty, fraud, and violation of the Kentucky Consumer Protection Act, KRS 367.110 et seq. The jury found no fraud or punitive damages; that the house had been built in a workmanlike manner; but that the builder breached the Kentucky Consumer Protection Act. However, the jury found zero damages. The Keenes's attorney, William Erwin, filed a motion for attorney fees and costs under KRS 367.220, which authorizes such where there has been a violation of the Kentucky Consumer Protection Act. The court granted the request of $10,600 as being $100 per hour for 106 hours of work. The builder appeals, contending the zero award amounts to a loss and therefore no fees or costs are authorized.

■ Normally, the doctrine of caveat emptor (the buyer beware) would apply to the purchase of a house. *Vanada's Heirs v. Hopkins' Adm'r*, 24 Ky. 285, 1 J.J. Marsh 285, 19 Am.Dec. 92 (1829). However, there are two exceptions that come into play in this case. The first is the allegation of fraud. Fraud, if proven, is an exception to caveat emptor. *Bryant v. Troutman*, Ky., 287 S.W.2d 918 (1956); *Sanford Construction Co. v. S & H Contractors, Inc.*, Ky., 443 S.W.2d 227 (1969). The jury found no fraud, so we move on to the second exception to caveat emptor, implied warranties in the purchase of a new home. *Crawley v. Terhune*, Ky., 437 S.W.2d 743, 745 (1969) adopted as a com-

mon law principle, that there is an implied warranty of habitability to the buyer of a new house from the builder that the structural features were constructed in a workmanlike manner and using suitable materials. The jury also found the house was constructed in a workmanlike manner, thus no breach of implied warranty.

■ That brings us to the violation of the Kentucky Consumer Protection Act, KRS 367.110, et seq. The jury did make a finding of a breach, but with zero damages. We need not get into a discussion as to whether the verdict is an oxymoron because we do not believe that the Kentucky Consumer Protection Act applies to real estate transactions by an individual homeowner. *Aud v. Illinois Cent. R. Co.*, 955 F.Supp., 757 (W.D.Ky.1997); *Miles v. Shauntee*, Ky., 664 S.W.2d 512 (1983); and KRS 367.220(1) which applies to:

> [a]ny person who purchases or leases *goods or services* primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170 . . . . (emphasis added).

As of this date, we are unaware of any Kentucky case which has determined that the Kentucky Consumer Protection Act *is* applicable to single real estate transactions.[1]

■ The award of attorney fees was based on the violation of the Kentucky Consumer Protection Act which authorizes attorney fees. KRS 367.220. Finding no application for the Kentucky Consumer Protection Act, the authority for attorney fees vanishes, and under *Batson v. Clark*, Ky.App., 980 S.W.2d 566 (1998), a party must show authority for an award of attorney fees. Without KRS 367.220, the trial court had no authority to award attorney

---

1. The Act itself has a section covering "Recreation and Retirement Use Land Sales" which covers subdivisions of land not developed and out of state sales.

fees and costs, so this portion of the judgment must be reversed.

For the foregoing reasons, the judgment of the Garrard Circuit Court awarding attorney fees and costs is hereby reversed and the matter remanded for the entry of an appropriate order.

HUDDLESTON, J., concurs.

COMBS, J., concurs in result by separate opinion.

COMBS, Judge, concurring:

It is anomalous that the jury found a violation of the Kentucky Consumer Protection Act, that the Act provides for damages in case of a violation, and that we have concluded at this late stage of the litigation that the Act does not apply to real estate transactions. It is a regrettable outcome resulting in an injury without a remedy, clearly calling for the attention of the General Assembly to fill this gap and to close this loophole by legislatively extending the protection of the Consumer Protection Act to real estate transactions.