A01A1220. WASHINGTON ROAD DEVELOPERS, LLC v. WEEKS.
(549 SE2d 416)

PHIPPS, Judge.

Washington Road Developers, LLC (Washington) developed a residential subdivision and sold a finished unit to Melba Weeks. Weeks sued Washington and Vintson Construction Company (Vintson) for breach of an implied duty to construct her residence in a fit and workmanlike manner and for negligent construction. Washington moved for summary judgment on the ground that it was merely the seller of the residence and Vintson was the builder. We granted Washington's application for interlocutory appeal of the trial court's denial of its motion. Upon consideration of the case, we affirm.

Charles Brigham formed Washington to develop the subdivision, known as Charlestowne Villas. Washington hired Vintson, an independent contractor, to build the townhouses in the subdivision. Other aspects of subdivision development, such as the engineering of lots, were handled by other independent contractors hired by Washington.

Weeks purchased one of the townhouses from Washington. The purchase contract stated that the builder's warranty was provided by Vintson and that Washington's responsibility for the condition of the property ceased at closing. Washington and Weeks were, however, the only parties to the purchase contract.

Sometime after closing, Weeks discovered cracking in the townhouse's concrete foundation, interior Sheetrock, and exterior brickwork. To recover damages, she sued Washington and Vintson. She presented evidence that the townhouse's structural deficiencies are attributable to omissions of the builder as well as inadequate compaction of the underlying soil. In reliance on *Seely v. Loyd H. Johnson Constr. Co.*,[1] the trial court denied Washington's motion for summary judgment.

The defendant in *Seely* built and sold a new residence to the plaintiffs. When the plaintiffs sued for negligent construction, the defendant attempted to shift liability to independent contractors to whom it had subcontracted construction work. In reliance on earlier cases, we held that "as to a claim based on negligent construction, since the builder-seller holds himself out as having the ability and expertise to build a fit and workmanlike residence, he cannot escape liability simply by claiming that an independent contractor he hired was wholly responsible for the negligent work. [Cit.]"[2]

In *Collins v. Ralston & Ogletree, Inc.*,[3] however, we held that the purchasers of a house in a subdivision could not hold the developer liable for malfunctions in the house's septic tank system. The purchasers in *Collins* attributed the malfunctions to improper installation of the system and to the engineering of their lot. But the developer did not build the house, it appeared that the purchasers selected the builder, and it was uncontradicted that the developer took no part either in engineering the lot or in installing the septic tank system.

This case is more akin to *Seely* than to *Collins*. Unlike the subdivision developer in *Collins*, Washington selected the builder of Weeks's townhouse and then sold the townhouse to Weeks. Although the purchase contract purports to make Vintson liable for the builder's warranty, Vintson was not a party to the contract. Moreover, Weeks's lot was engineered by another independent contractor with whom she had no contractual relationship, and she has presented evidence that her damages were in part caused by the preconstruction activity performed by that contractor. These circumstances distinguish this case from *Collins*. The policy established in

---

[1] 220 Ga. App. 719 (470 SE2d 283) (1996).
[2] Id. at 720-721 (1).
[3] 186 Ga. App. 583 (367 SE2d 861) (1988) (physical precedent only).

the line of cases represented by *Seely* precludes Washington from insulating itself from liability for defects in Weeks's home by claiming that any negligent work was performed by independent contractors hired by it.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MAY 9, 2001.

*William A. Trotter III,* for appellant.

*Misner, Scott & Grate, Allison B. Lawler, Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams,* for appellee.