RENDERED: APRIL 23, 2009
TO BE PUBLISHED

# Supreme Court of Kentucky

2007-SC-000317-DG

FINAL

DATE 5/14/09 _Kelly Keaber_ D.C.

GEORGE MILLER, ET AL.                                               APPELLANTS


ON REVIEW FROM COURT OF APPEALS
V.              CASE NO. 2005-CA-001049-MR
WHITLEY CIRCUIT COURT NO. 04-CI-00085


DONNA HUTSON
(D/B/A SCOTT PARTIN BUILDERS)                                        APPELLEE


## OPINION OF THE COURT BY JUSTICE SCHRODER

### REVERSING AND REMANDING


There are three issues in this construction-defects case: whether the home builder exception to the doctrine of caveat emptor should be expanded to include subdivision developers of market houses; whether the developer is also the home builder; and whether the developer was also the warrantor. We need not reach the first two issues in this case because we adjudge that Appellee was the warrantor (or guarantor) on the subject property. Therefore summary judgment for the Appellee was improper. We reverse and remand for further proceedings consistent with this opinion.

As the developer of a residential subdivision, Donna Hutson contracted with Scott Partin, a builder,[1] to construct for $62,783 a residence for sale[2] on her lot.[3] Although Scott Partin had done remodeling work in the past, this was his first complete residential house. George and Geneva Miller were shown the house by a realtor. The Millers made an offer and the negotiations began. The agreed contract was for an $85,000.00 purchase price, subject to the Millers being able to obtain a VA[4] fixed loan through Tri-County Mortgage Company, Inc. (owned by Hutson) for $87,550.00. As part of the contract, the seller agreed to install floating flooring (to be purchased by the buyer), and to seed and landscape the yard.

Prior to closing, Hutson and the Millers completed a final inspection of the premises. The inspection form was signed by Donna B. Hutson, as seller, and George Miller and Geneva J. Miller, as buyers. In the final inspection form, the seller agreed to the following repairs: "move gravel at driveway, . . . water off - couldn't check, . . . builder will point out lot lines after close."

In order for the VA to finance the home, it required a one-year general warranty from the builder or from a warrantor. "Donna Hutson DBA Scott Partin Builders" is listed as both the Builder and as the Warrantor in the VA forms. Donna Hutson signed the Warranty of Completion of Construction[5] as

---

[1] Partin testified the name of his company was "Scott's Home Improvement."

[2] When a house is constructed for resale, and not for occupancy by the purchaser, the house is commonly referred to as a "market house" or a "spec house."

[3] Located in Biltmore Grove Estates in Whitley County, Kentucky.

[4] Veterans Administration.

[5] VA Form 26-1859.

Warrantor, warranting that the dwelling was constructed in substantial conformity with the plans and specifications; and warranting against defects in equipment, material, or workmanship in the construction of said residence. With the VA loan approved through Tri-County Mortgage Company, Inc., Hutson[6] was able to and did convey the property to the Millers.

A few months after moving in, the Millers experienced a few problems. The floating floors "bowed up," kitchen cabinets were "chewed up" and not repaired, water was standing under the crawl space, water stains were on the drywall, there were cracks around the ceilings and closet doors, and a number of other items which were subsequently repaired by Partin. The Millers sued Partin, Hutson, and Partin's father-in-law (he assisted Partin in building the house) for the items not repaired. The trial court entered partial summary judgment dismissing Hutson, finding that Hutson was the developer of the subdivision, but not the "builder" of the house. The partial judgment was made final and the Millers took their case against Hutson to the Court of Appeals. In a split vote, the Court of Appeals affirmed the trial court's dismissal, concluding partial summary judgment was proper, and the court declined the invitation to extend the builder's exception[7] to the rule of caveat emptor[8] to include developers of residential subdivisions.

---

[6] And her husband, Jimmy Vance.

[7] Crawley v. Terhune, 437 S.W.2d 743, 745 (Ky. 1969).

[8] Buyer beware; see Craig v. Keene, 32 S.W.3d 90, 91 (Ky.App. 2000). See also Notice and Opportunity to Repair Act, KRS 411.250-411.266 (applicable to claims commenced on or after July 15, 2003).

Although this Court accepted discretionary review, we decline to consider a further exception to the doctrine of caveat emptor for two reasons. First, there is a serious issue of fact in this case as to whether the developer was also the builder. "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law[,]"[9] based on "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, . . . ."[10] "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."[11] Paintsville Hospital Company,[12] mandated that summary judgment be granted only "where the movant shows that the adverse party could not prevail under any circumstances."

Although Hutson protested being considered the builder, Hutson completed the VA form and listed herself as the builder, doing business as Partin Builders. Hutson's deposition revealed she had a partner, although she did not identify the partner. Hutson knew the VA would not approve the loan unless the builder, or someone, warranted the building. Hutson did not sign as agent or by power of attorney for Partin. She identified herself as the builder (and warrantor). In view of the conflicting evidence, there is an issue of

---

[9] Scifres v. Kraft, 916 S.W.2d 779, 781 (Ky.App. 1996).

[10] CR 56.03.

[11] Steelvest, Inc. v. Scansteel Serv. Ctr., Inc., 807 S.W.2d 476, 480 (Ky. 1991) (adopting Paintsville Hosp. Co. v. Rose, 683 S.W.2d 255, 256 (Ky. 1985)).

[12] 683 S.W.2d at 256 (citing Kaze v. Compton, 283 S.W.2d 204, 208 (Ky. 1955)).

4

fact and of law as to whether Hutson was the builder or represented herself to be the builder. Therefore, the trial court erred in granting partial summary judgment to Hutson.[13]

It is not necessary, however, to remand for further findings of fact (as to whether Hutson was the builder) because Hutson also signed an expressed written warranty covering the premises in question for one year.[14] Hutson wanted to sell, the Millers wanted to buy – subject to obtaining a VA loan. Hutson also wanted to finance through her mortgage company. The VA would not authorize the loan unless the builder or someone else agreed to provide a one-year warranty against defects in equipment, materials, or workmanship in the construction of said residence. The VA requires that a "Warrantor" sign the "Warranty of Completion of Construction."[15] Without a Warrantor's signature, neither the loan nor the sale could close. Hutson signed the warranty as "Donna Hutson DBA Scott Partin Builders," not Partin Builders by Donna Hutson, nor as power of attorney for Scott Partin.

Hutson now alleges that she did not intend to become the Warrantor, but signed as an accommodation to Partin, the Millers, the VA, etc., to close the loan. She presented the trial court with parol evidence to contradict the expressed written part of the warranty contract. That was error. KRS 371.010(9) (statute of frauds) requires all contracts, and amendments thereto, relating to real estate "be in writing and signed by the party to be charged

---

[13] Steelvest, 807 S.W.2d at 480.

[14] VA Form 26-1859.

[15] Id.

5

therewith, or by his authorized agent." Hutson, as "Warrantor," is a guarantor in her own separate contract of guaranty. As such, the guarantor's contract is collateral to and independent of the original contract.[16]

Hutson also asserts that even if she were a Warrantor (or guarantor), the doctrine of merger would extinguish her liability when she signed the deed. Hutson contracted to provide a one-year warranty on materials and workmanship. The merger doctrine does generally hold "that all prior statements and agreements, both written and oral, are merged into the deed . . . ."[17] However, there are exceptions – "fraud, mistake, or contractual agreement[s] clearly not intended to be merged into the deed."[18]

Harrodsburg Industrial Warehousing, Inc. involved an escrow agreement entered into by the parties to a deed in anticipation of an adverse ruling concerning deed restrictions. The escrow agreement provided a future remedy in the event that a pending action subjected the property to the restrictions. While the circuit court did subject the property to the restrictions, our Court of Appeals held the escrow agreement did not merge into the deed because "[t]he clear language of the Escrow Agreement indicates that the parties intended this agreement to survive the delivery and acceptance of the deed."[19] Likewise in our case, the one-year warranty was intended to survive the delivery and

---

[16] See Citizens Fid. Bank & Trust Co. v. Lamar, 561 S.W.2d 326, 328 (Ky.App. 1977); see also Enzweiler v. Peoples Deposit Bank of Burlington, Ky., 742 S.W.2d 569, 571 (Ky.App. 1987) (noting signing with a title and being personally obligated).

[17] Borden v. Litchford, 619 S.W.2d 715, 717 (Ky.App. 1981).

[18] Harrodsburg Indus. Warehousing, Inc. v. MIGS, LLC, 182 S.W.3d 529, 532 (Ky.App. 2005) (citation omitted).

[19] Id.

acceptance of the deed, i.e. "This warranty shall continue for a period of one year from the date of original conveyance of title to such Purchaser(s) or from the date of full completion of each of any items completed after conveyance of title."[20]

Because there is no issue of fact that Hutson was the Warrantor (or guarantor) and there is no issue of law as to the liability of a guarantor, the trial court erred not only in granting Hutson partial summary judgment, but in not granting the Millers partial summary judgment.[21]

Therefore, we reverse the Court of Appeals' decision and remand to the trial court for the entry of a partial summary judgment against Hutson on the issue of liability, and for further proceedings concerning damages.

All sitting. Minton, C.J.; Abramson, Cunningham and Noble, JJ., concur. Venters, J., concurs by separate opinion in which Scott, J., joins.

**VENTERS, JUSTICE, CONCURRING:** I concur with the decision of the majority to reverse the summary judgment granted below, but I agree with Chief Judge Combs, whose dissent in the Court of Appeals decision in this case I find compelling. Judge Combs stated:

> I can see absolutely no rational basis for our reluctance to apply the *Crawley* exception to the doctrine of *caveat emptor* to developer-sellers. *Crawley* crafted the exception to protect unwary buyers of newly constructed houses from faulty construction and

---

[20] VA Form 26-1859, p. 47 of the record, attached to the Appellant's response to the motion for summary judgment. Also, Appendix C of Appellant's brief.

[21] Steelvest, 807 S.W.2d at 480. See also Osborne v. Commonwealth, 185 S.W.3d 645, 650 (Ky. 2006); Storer Communications of Jefferson County, Inc. v. Oldham County Bd. of Educ., 850 S.W.2d 340, 342 (Ky.App. 1993)(regarding granting summary judgment to the non-moving party).

to extend to them warranties that houses would be constructed in workmanlike fashion.

In this case, Hutson as developer-seller employed Partin to construct a house for sale. She signed the Warranty of Completion of Construction in such a manner as to indicate her participation, association, and identity with Partin as builder: "Donna Hutson DBA Scott Partin Builders." The more reasonable and just result would be for us to extend the *Crawley* exception to developer-sellers rather then restricting its applicability solely to builder-sellers. The Georgia rule (*Wash. Road Developers v. Weeks*, 549 S.E.2d 416 (Ga. Ct. App. 2001)) is the better approach to this issue, and I would urge that Kentucky follow the enlightened example of many of our sister states to hold developer-sellers liable for breach of warranties – at the very least, at the summary judgment stage of litigation.

The purchase of a newly-built home is, for almost every Kentuckian, the most significant financial decision they will make, and it is the fulfillment of a significant part of the American dream. For the past forty years, since the decision of our predecessor Court in Crawley v. Terhune, 437 S.W.2d 743 (Ky. 1969), we have consistently held that the doctrine of *caveat emptor* does not protect the builder of a new residence from damages suffered as a result of defective construction by the purchaser of the new residence. The developer of a residential subdivision, who has contracted for and has overseen the construction of the dwellings located thereon, and profited from the sale of those residences, should not be insulated from liability. In many instances, the developer chose the builder and controlled the quality of construction. All too often, shoddy construction in a new residence is impossible to discover because it is concealed within the walls of the dwelling and there is no prior occupant to have discovered the defects. There is no reason to believe that Appellee has not acted in the utmost good faith, and in fact by signing the

warranty, she exposed herself to potential liability other developers would have avoided. But, it is all too easy for a developer to "contract" with barely-solvent builders, take a profit from the sale of the residence, and leave the homeowner saddled with a home that is not worth the amount owed on the mortgage and a bankrupt, or near bankrupt builder from whom no damages can be recovered.

I would therefore hold that the developer-seller of property in a residential subdivision is subject to the same implied warranties as the builder.

Scott, J., joins.

COUNSEL FOR APPELLANTS:

David Ora Smith
Marcia A. Smith
208 Gordon Street
P.O. Box 699
Corbin, KY 40702


COUNSEL FOR APPELLEE:

Darrell L. Saunders
700 Master Street
P.O. Box 1324
Corbin, KY 40702