LIBERTY NATIONAL BANK & TRUST COMPANY, Appellant,

v.

Alice M. RUSS, Appellee.

Court of Appeals of Kentucky.

March 30, 1984.

Ordered Published May 4, 1984.

Douglas Gene Sharp, Morgan & Pottinger, Louisville, for appellant.

Donald L. White, Louisville, for appellee.

Before HOWERTON, MILLER and WHITE, JJ.

MILLER, Judge.

On behalf of her husband, James L. Russ, who borrowed sums of money from time to time from appellant, Liberty Na-

tional Bank & Trust Company (Liberty), Alice M. Russ, appellee signed the following document of guaranty:

## TO THE LIBERTY NATIONAL BANK AND TRUST COMPANY OF LOUISVILLE, LOUISVILLE, KENTUCKY

For value received, the undersigned, jointly and severally, promise to pay to the LIBERTY NATIONAL BANK AND TRUST COMPANY OF LOUISVILLE, KENTUCKY, its assignees and transferees, when due, the principal and interest of all notes, bills, drafts, checks, acceptances, overdrafts and instruments and evidences of debt of every character, now existing or hereafter incurred by James L. Russ

to said bank, or acquired by said bank; together with all expenses of or incidental to the collection of same, including counsel fees.

The liability of the undersigned shall be unlimited.

The liability assumed by the undersigned is a primary and direct obligation without regard to any other obligor or security or collateral held by the Bank.

Notice is hereby expressly waived as to the following: (a) the instruments, indebtedness or liability to which the same shall apply, (b) the presentment, demand, protest, and notice of protest, on any or all such instruments, indebtedness and liability.

The liability of the undersigned shall in no way be affected by any renewal or extension of time of payment of any instrument, indebtedness or liability, or by any release or surrender of other security or collateral or guaranty or by delay in enforcement of payment of the principal or interest or of any security connected therewith. The Bank may employ the debtor as collection agent for all purposes of demanding and securing payment of any or all of the instruments or indebtedness or liability.

The obligation hereby assumed by the undersigned shall continue until the payment of all indebtedness, obligation and liability above mentioned; provided, however, that the undersigned may by notice in writing, delivered personally to an officer of the Bank at its principal place of business, terminate the continuation of this writing as to future transactions, but no such notice shall affect any matter or thing previously occurring, or any liability of the undersigned theretofore incurred and existing at the time of such notice.

This contract is deemed to be made and performed in the State of Kentucky, and its terms and conditions shall be governed and construed according to the laws of that state; and no defense given or allowed by the laws of any other state or county shall at any time be interposed or allowed, unless such defense is also valid under the laws of Kentucky.

Signed this 3rd day of June , 1976.

/s/ Alice M. Russ

(Emphasis added).

James L. Russ defaulted on a loan and was sued by Liberty. On April 16, 1982, judgment was entered against him. The judgment being unpaid, Liberty amended its complaint to include appellee, Alice M. Russ, upon the foregoing June 3, 1976, guaranty. At no time did Alice M. Russ exercise her right to terminate the guaranty.

Upon an equitable basis the trial court held that Alice M. Russ was not liable upon the guaranty. Liberty appeals.

We believe the foregoing guaranty is properly classified as an absolute, specific, unconditional, and continuing guaranty of payment (not a guaranty of collection) containing a waiver of notice provision. *See McGowan v. Wells' Trustee*, 184 Ky. 772, 213 S.W. 573 (1919); 38 Am.Jur.2d *Guaranty* §§ 20, 21, 22, 23, 97 et seq. (1968).

We are not unmindful of the harshness of this decision upon the totality of circumstances. However that may be, we have

reviewed the record carefully and simply find no basis to support the trial court's decision to exonerate Alice M. Russ upon equitable principles.

For the foregoing reasons the decision of the Bullitt Circuit Court is reversed and this cause is remanded for proceedings consistent with this opinion.

All concur.