**Peter V. MARTUSCELLI & Mary Henry Martuscelli, Appellants,**

v.

**PLANTERS BANK & TRUST COMPANY, Kentucky Corporation, Appellee.**

Court of Appeals of Kentucky.

Jan. 10, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 2, 1986.

Lucius P. Hawes, Jr., Hopkinsville, for appellants.

J. Michael Foster, Hopkinsville, for appellee.

Before CLAYTON, McDONALD and DUNN, JJ.

DUNN, Judge.

Appellee Planters Bank & Trust Company sued husband and wife appellants, Peter V. and Mary Henry Martuscelli on two separate notes. The second note was executed December 3, 1982, for $56,000.00 by Peter alone. The Christian Circuit Court entered summary judgment against Mary as Peter's guarantor for $50,000.00 on the second note. They appeal from that summary judgment. We affirm.

The first note was executed by both Peter and Mary for $85,000.00 on October 20, 1977, and was secured by a first mortgage executed by both Peter and Mary on certain real estate they owned in Hopkinsville, Kentucky.

That mortgage, in which Peter and Mary are the "First Party" and the appellee bank is the "Second Party", in addition to the usual first mortgage language contained the following "advances" clause:

In addition to the original amount herein loaned, this mortgage does and shall secure all renewals and extensions of the within loan and the note or notes evidencing it. Any and all additional advancements or loans hereafter made by Second Party to First Party, including all obligations from First Party to Second Party by way of suretyship or guaranty, evidenced by notes or writing signed by First Party, whether or not the same make any reference to the within mortgage, shall be likewise secured by the within mortgage, the total amount of such additional loans and obligations in no event to exceed the sum of $50,000.00.

Any additional advancement or loan made hereunder by Second Party to any person who is a First Party hereto shall bind all other persons who are First Parties hereto just as if made to each and all of them, and all First Parties shall be jointly and severally liable to repay any such obligations shall be fully secured by this mortgage.

The bank's suit resulted in the foreclosure of the mortgage and the proceeds from the subsequent sale were sufficient to satisfy the first note, but not the second note.

Appellee bank moved for summary judgment against Mary personally for the deficiency on the second note even though she did not execute it. The bank argues she is Peter's guarantor by virtue of the above clauses in the mortgage which she executed. The appellants Peter and Mary argue for summary judgment in their behalf

arguing that since the second note was for $56,000.00 and in excess of the $50,000.00 limit contained in the mortgage advancement clause rendered her not liable as guarantor on the second note.

The issue before us is whether a guarantor: a) is fully released when the lender loans $56,000.00 to the principal where the absolute guaranty was contained in a mortgage whereby each party promised to pay any additional loans made to the other as if made to him or her alone, not to exceed $50,000.00; or b) is the guarantor liable up to, but not exceeding, $50,000.00?

Just as the trial court before us decided, we hold the guarantor is not fully released, but is personally liable not to exceed $50,000.00, the absolute guaranty limit. *See Liberty National Bank and Trust Company v. Russ*, Ky.App., 668 S.W.2d 567 (1984).

We also hold that this appeal is not so totally lacking in merit that it appears to have been taken in bad faith, as appellee bank maintains in asking for damages and double costs pursuant to CR 73.02(4).

The summary judgment entered July 2, 1985, in favor of appellee Planters Bank and Trust Company, in the amount of $50,000.00 against Mary Henry Mastuscelli is AFFIRMED, the appellee's request for CR 73.02(4) damages and double costs is DENIED, and pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.