Walter KENNEDY, Appellant,

v.

JOY MANUFACTURING
COMPANY, Appellee.

Court of Appeals of Kentucky.

April 4, 1986.

B. Hume Morris, II, Morris, Nicolas, Welsh & Vandeventer, Louisville, for appellant.

Russell H. Saunders, Malcolm Friedman, A. Andrew Draut, Louisville, for appellee.

Before COMBS, DUNN and HOWARD, JJ.

COMBS, Judge.

This is an appeal from a summary judgment of the Jefferson Circuit Court, holding appellant personally liable under a guaranty agreement for a corporate debt to appellee.

Appellant Kennedy is a shareholder in and vice-president of the Marrick Company. In September of 1977, Kennedy executed a contract whereby he promised to guarantee the cost of merchandise and goods sold to the Marrick Company by appellee Joy Manufacturing Company. The Marrick Company subsequently filed a petition for bankruptcy and defaulted on the debt to Joy Manufacturing.

Joy Manufacturing filed this action against Kennedy to recover the indebtedness. After completing preliminary discovery, Joy Manufacturing filed a motion for summary judgment based on Kennedy's guaranty agreement and an affidavit showing the amount of the debt. In response, Kennedy filed an affidavit opposing the motion, stating, in part, as follows:

*I did sign the alleged guaranty of September 1, 1977* but I signed that guaranty as an officer of the Marrick Company and it was understood between the parties that my guaranty was not a personal guaranty, but was a guaranty as an officer of Marrick Company, and I signed only in my representative capacity. In fact, the words "as Vice-president of the Marrick Company or, the Marrick Company by Walter Kennedy, Vice-President" were to be typed in by Joy Manufacturing after the signing. I never received a copy of the guaranty and therefore, had no knowledge that that typing had not been done until I was sued.... [Emphasis added.]

After reviewing the record and the parties' affidavits, the trial court granted Joy Manufacturing summary judgment in the amount of $77,994.47 against Kennedy.

Kennedy contends the lower court erred in granting Joy Manufacturing summary judgment, in the face of various disputed issues of material fact. First, Kennedy argues that the guaranty agreement is void under the authority of *Citizens Fidelity Bank and Trust Company v. Lamar,* Ky. App., 561 S.W.2d 326 (1977), because the contract contained blanks when he signed it. In *Lamar,* a company representative seeking a bank loan obtained the signatures of two third-party investors on totally blank guaranty forms. Although the company representative was not an authorized agent for the investors, he filled out the guaranty forms and submitted them to the bank. The court later refused to enforce the guarantees against the investors, reasoning that the company representative had no authority to bind them to the contract.

The *Lamar* decision differs from this case. The guaranty agreement Kennedy signed was a preprinted one and one-half page text. The only blank areas on the contract were spaces for the debtor's name, the date, the guarantor's signature and an attest line. There is no controversy as to the date the parties signed the agreement and no question but that all parties knew the Marrick Company was the debtor. The attestation line was irrelevant and unnecessary. Even if those spaces were blank when Kennedy signed, we attach no significance to it. Kennedy's affidavit admits

that his signature on the guaranty agreement is genuine.

Kennedy also alleges that he received no consideration for the agreement and that the guaranty was given for a preexisting debt. Kennedy's argument is refuted on the face of the record. The guaranty agreement's opening paragraph states as follows:

*In consideration of your selling goods and merchandise to the Marrick Company* (hereinafter referred to as "debtor") *and your shipping and billing goods and merchandise to debtor at the direction of the undersigned,* and intending to be legally bound hereby, the undersigned, jointly and severally, irrevocably and unconditionally guarantees to you, payment when due, whether by acceleration or otherwise of any and all liabilities of the debtor to you, or on your behalf, *whether such liability now exists or is hereafter incurred....* [Emphasis added.]

■ In our opinion, the contract is an absolute, specific, unconditional, and continuing guaranty of payment. *See Liberty National Bank and Trust Company v. Russ,* Ky.App., 668 S.W.2d 567 (1984). Under Kentucky law, an agreement to extend future credit is sufficient consideration to support the guarantor's promise to pay the debtor's past and future indebtedness. *See McGowan v. Wells' Trustee,* 184 Ky. 772, 213 S.W. 573 (1919); 38 Am.Jur.2d *Guaranty* § 43 (1968). In other words, Joy Manufacturing's promise to continue dealing with Marrick Company constituted sufficient consideration to support Kennedy's personal guaranty.

■ Kennedy's final argument alleges the parties never intended that he sign a personal guaranty. According to Kennedy, the parties intended that he sign in his representative capacity as vice-president of the Marrick Company. However, Kennedy did not sign in his representative capacity and nothing in the record supports his allegations as to the parties' supposed intent.

The purpose of a written document is to prevent later argument about the intent of the signatory parties. "When men contract in writing the law says that the writing is the whole agreement...." *Childers and Venters, Inc. v. Sowards,* Ky., 460 S.W.2d 343, 345 (1970). The guaranty contract shows that the parties agreed Kennedy would assume personal liability for the Marrick Company's debts. The trial court did not err in holding Kennedy personally liable.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.