Timothy C. KINDER and Cheryl L. Kinder, Respondents,

v.

FANTASY COACHWORKS, LTD., Appellant.

No. 54645.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 27, 1988.

Terrance L. Farris, Clayton, for appellant.

Rene E. Lusser, St. Louis, for respondents.

CRIST, Judge.

Defendant, Fantasy Coachworks, Ltd., (Fantasy) appeals the judgment rendered in favor of plaintiffs, Timothy and Cheryl Kinder, in the amount of $14,290 for negligent bailment of the Kinders' automobile. We affirm.

On January 21, 1987, at approximately 11:30 a.m., Timothy Kinder delivered his vehicle to Fantasy's place of business at 6034 South Lindbergh Boulevard in St. Louis County for the purpose of having running boards installed thereon. He parked the vehicle in a designated parking spot on Fantasy's premises adjacent to the main pedestrian entrance door and beneath a large window. Mr. Kinder locked the vehicle and gave the keys to one of Fantasy's employees. After being assured the work would be completed that day, and the vehicle was fine where it was parked, Mr. Kinder left the premises.

Approximately one hour and forty-five minutes later, employees of Fantasy notified Cheryl Kinder, Timothy Kinder's wife, that the vehicle was not on their parking lot. After being notified by Mrs. Kinder, Mr. Kinder returned to Fantasy where he was informed his automobile had been stolen. At this point, Fantasy's employees had not called the police.

The Kinders recovered the value of their automobile on the theory of negligent bailment. Fantasy's sole point on appeal is that the trial court erred in finding it liable because the proximate cause of plaintiffs' damages was the unforeseeable, intentional criminal act of a third party in stealing plaintiffs' vehicle.

In support of its argument, Fantasy refers us to numerous cases involving personal assaults by third party criminals on business property. That is not the case before us. This case involves the negligent actions of a bailee of personal property. It has long been the rule that a bailee is liable for the loss by theft of the bailed property where he failed to use ordinary care to prevent the theft. *Dunn Mercantile & Loan Co. v. Grubbs,* 655 S.W.2d 853, 856[2] (Mo.App.1983); *Toston v. McCracken,* 555 S.W.2d 48, 51[4] (Mo.App.1977); *Nuell v. Forty–North Corp.,* 358 S.W.2d 70, 76[9] (Mo.App.1962). Therefore, Fantasy is incorrect in its contention that it is not liable for the theft as a matter of law.

The Kinders alleged the loss of their vehicle occurred because Fantasy failed to exercise reasonable care to protect the same. These allegations of general negligence on Fantasy's part, upon proof of loss, raised an inference of negligence under res ipsa loquitur, thereby shifting the burden to Fantasy to go forward with evidence of due care. *Centennial Ins. Co. v. International Motor Car,* 581 S.W.2d 883, 885 (Mo.App.1979). Testimony was presented by both sides, and it was the duty of the trial court to judge the credibility of the witnesses. *Id.* [2]. The fact that a loss occurred is not disputed, and a prima facie showing of negligence under res ipsa loquitur is sufficient to support a verdict for the Kinders. *Id.* [3] (although bailee's testimony as to due care was unchallenged, the trial court had the right to reject the same and find for bailor on the inference of negligence arising from the facts).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.