ASHLAND OIL, INC. Plaintiff/Respondent,

v.

Floyd C. WARMANN and Gene A. Warmann, Defendants/Appellants.

No. 63541.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 8, 1994.

Timothy N. Vujnich, Danis & Boyce, St. Louis, for defendants-appellants.

Charles S. Kramer, Riezman & Blitz, P.C., St. Louis, for plaintiff-respondent.

CRANE, Presiding Judge.

Plaintiff, Ashland Oil, Inc., filed a petition against defendants, Floyd C. Warmann and Gene A. Warmann, to enforce a guaranty. The circuit court granted plaintiff's motion for summary judgment and entered judgment in favor of plaintiff in the amount of $537,557.73 plus interest, costs and attorney's fees. Defendants appeal. They assert that the trial court erred in entering summary judgment because a genuine issue of material fact existed on their affirmative defense that the written guaranty lacked consideration.

On November 14, 1990, defendants individually executed a written personal guaranty of payment of all sums due and owed to plaintiff for products sold to Warmann Oil Company, Inc. (Warmann Oil) by plaintiff subject to a maximum aggregate liability of $875,000.00, including reasonable attorney's fees and all costs and expense incurred by plaintiff in collecting or enforcing the guaranty. The guaranty stated it was given in consideration of plaintiff's supplying Warmann Oil with goods and merchandise. The guaranty provided it was governed by Kentucky law.

On May 21, 1992, Warmann Oil filed a Petition for Relief with the United States Bankruptcy Court for the Eastern District of Missouri under Chapter 11 of the Federal Bankruptcy Code, 11 U.S.C. 1101, et seq. At that time Warmann Oil owed plaintiff $537,-557.73 for petroleum products it had purchased.

On August 10, 1992, plaintiff issued a formal demand to defendants for payment of the outstanding balance pursuant to the terms of the written guaranty. Defendants did not respond to the demand. Plaintiff filed its action to enforce the guaranty on October 29, 1992 and thereafter filed a motion for summary judgment. The trial court granted the motion and entered judgment in favor of plaintiff and against defendants jointly and severally in the amount of $537,-557.73 together with interest thereon at nine percent from August 10, 1992 until the date the judgment is satisfied, costs of collection, and attorney's fees in the amount of $11,-647.57. Defendants appeal from this judgment.

As provided by the contract, Kentucky law governs the guaranty. However, because the action was filed in Missouri, Missouri law governs procedural issues. *Stuart v. State Farm Mutual Automobile Ins. Co.*, 699 S.W.2d 450, 455 (Mo.App.1985).

Defendants assert that the trial court erred in granting the motion because its affirmative defense of lack of consideration raised an issue of disputed fact which precluded summary judgment. They argue that the guaranty was signed after plaintiff supplied credit to Warmann Oil to purchase petroleum products and therefore had to be supported by consideration independent of the principal contract.

Plaintiffs first argue that defendants did not properly plead a defense of lack of consideration. We agree. Defendants first raised this defense in their separate second amended answers to plaintiff's petition as follows:

2. The guaranty agreement which is the subject matter of this proceeding lacks consideration and therefore is unenforceable.

This defense states a legal conclusion without any factual basis. To properly plead an affirmative defense, a defendant must assert clearly and precisely additional facts which serve to avoid the defendant's legal responsibility even though the plaintiff's allegations are sustained by the evidence. *ITT Commercial Fin. Corp. v. Mid–America Marine*

*Supply Corp.*, 854 S.W.2d 371, 383 (Mo. banc 1993), citing *Reinecke v. Kleinheider*, 804 S.W.2d 838, 841 (Mo.App.1991). The factual basis for a defense must be set out in the same manner as is required for the pleading of claims under the Missouri Rules of Civil Procedure. *ITT*, 854 S.W.2d at 384. A bare legal conclusion fails to inform the plaintiff of the facts relied on in support of the defense and thus fails to satisfy the requirements under Rule 55. *Id.* at 383. The defense as stated was insufficient as a matter of law. Plaintiff was not required to negate it in its motion for summary judgment. *Id.* at 384.

■ Even if the defendants had properly pleaded their defense, it did not preclude plaintiff's right to summary judgment as a matter of law. Defendants rely on a June 13, 1988 letter from plaintiff to Warmann Oil which established a credit limit of $250,000 for Warmann Oil to support their defense. They argue that this letter established a pre-existing obligation to supply merchandise. They claim the subsequent guaranty lacked consideration because it was based on this pre-existing obligation.

There are two responses to this contention. First, the June 13, 1988 letter on its face only establishes a credit limit; it does not create any obligation to provide merchandise or indicate that provision of merchandise was the consideration for the establishment of the credit limit. Second, the guaranty itself establishes that the defendants were guarantying payment of Warmann Oil's present and future obligations in consideration of plaintiff's supplying Warmann Oil with goods and merchandise. The guaranty recites in part as follows:

*In consideration of your supplying War-mann Oil Company, Inc. of St. Louis, MO 63138,* **hereinafter** called the Debtor, *with goods and merchandise to be used or offered for sale by Debtor,* the undersigned hereby jointly and severally unconditionally guarantee you, your successors and assigns, the due and regular payment of such sum or sums of money *as are now or may hereafter at any time and from time to time be owed to you by the Debtor for goods, merchandise or services furnished to the Debtor* or on account of rent, taxes,

freight, loan of equipment and all other charges in connection with the business operated by the Debtor in conjunction with the goods, merchandise and services furnished in whatever form it may appear, subject to a maximum aggregate liability of $875,000.00, including reasonable attorney's fees and all cost and expense incurred by you in collection or attempting collection of such sums or in enforcing this guaranty. [Emphasis added.]

In *Kennedy v. Joy Manufacturing Co.*, 707 S.W.2d 362 (Ky.App.1986), the Kentucky Court of Appeals considered a similar guaranty and rejected the guarantor's claims that he received no consideration and that the guaranty was given for a pre-existing debt. *Id.* at 364. In that case the guaranty read as follows:

*In consideration of your selling goods and merchandise to the Marrick Company* (hereinafter referred to as "debtor") *and your shipping and billing goods and merchandise to debtor at the direction of the undersigned,* and intending to be legally bound hereby, the undersigned, jointly and severally, irrevocably and unconditionally guarantees to you, payment when due, whether by acceleration or otherwise of any and all liabilities of the debtor to you, or on your behalf, *whether such liability now exists or is hereafter incurred* .... [Emphasis added by Kentucky court.]

The Kentucky court held:

In our opinion, the contract is an absolute, specific, unconditional, and continuing guaranty of payment. *See Liberty National Bank and Trust Company v. Russ*, Ky.App., 668 S.W.2d 567 (1984). Under Kentucky law, an agreement to extend future credit is sufficient consideration to support the guarantor's promise to pay the debtor's past and future indebtedness. *See McGowan v. Wells' Trustee*, 184 Ky. 772, 213 S.W. 573 (1919); 38 Am.Jur.2d *Guaranty* § 43 (1968). In other words, Joy Manufacturing's promise to continue dealing with Marrick Company constituted sufficient consideration to support Kennedy's personal guaranty.

*Id.* Likewise in this case plaintiff's promise to continue dealing with Warmann Oil constituted sufficient consideration to support defendants' personal guaranty.

In sum, defendants raised no factual issue of failure of consideration. The trial court did not err in entering summary judgment for plaintiff.

Plaintiff requests an award of $4,682.00 representing its additional costs and attorney fees incurred in connection with this appeal. This award is authorized by the guaranty agreement and supported by affidavits. Accordingly, this court may award attorney's fees and costs incurred on appeal. *Wooten v. DeMean,* 788 S.W.2d 522, 529 (Mo.App.1990).

The judgment of the trial court is hereby amended so as to change the amount awarded plaintiff as costs of collection and attorney's fees, from the sum of $11,647.57 to the sum of $16,329.57. As so amended, and in all other respects, the judgment is affirmed.

KAROHL, and CRAHAN, JJ., concur.