Jeff LEWIS, d/b/a Lewis Excavating,
Plaintiff/Respondent/Cross–
Appellant,

v.

LAWLESS HOMES, INC. and Dave
Pilla, Defendants/Appellants/
Cross–Respondents.

Nos. 73741, 73805.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1999.

Julia P. Muschany, Blumenfeld, Kaplan & Sandweiss, P.C., St. Louis, for Appellants/Cross–Respondents.

Garry Seltzer, Law Office of Garry Seltzer, L.C., Clayton, for Respondent/Cross–Appellant.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff Jeff Lewis filed a negligence action against defendants, Lawless Homes, Inc., and Dave Pilla, to recover damages he incurred when his backhoe was damaged

while in their care. The trial court awarded plaintiff $8,174.49. Both parties appeal. Defendants contend that the trial court erred in finding that defendants failed to exercise ordinary care when the backhoe was in defendants' possession and in awarding damages based on the cost of repair. Plaintiff contends the trial court erred in failing to award lost profits in the amount of $2,355.00. We affirm the finding of liability, affirm the award of damages for cost of rental and towing in the amount of $945.00, and affirm the denial of damages for lost profits. We reverse that part of the damage award based on cost of repair and remand for a new trial on the amount of damages for the injury to the backhoe.

We view the facts in the light most favorable to the judgment. On January 6, 1997 plaintiff, a sub-subcontractor of Kastner Plumbing, was working at defendant Lawless Homes, Inc.'s Hunter's Green subdivision removing loose rock from the ditches with his backhoe. The backhoe, which had been purchased in March, 1996, when it was ten years old, was in good working condition when he left it on the site that evening. The next morning defendant Lawless Homes' site superintendent telephoned Tom Kastner, an employee of Kastner Plumbing, and asked if Lawless Homes could use plaintiff's backhoe until plaintiff arrived at the site. Kastner relayed the request to plaintiff who agreed, as long as defendant did not dig with it. Defendant's employee and co-defendant, Dave Pilla, moved the backhoe to a hole containing some loose rock. Pilla testified that when he attempted to pick up the rock he discovered the backhoe was not operating properly and he could not extend the arm.

When plaintiff arrived a short time later, he saw that the boom was broken off. Plaintiff called Tom Kastner. They inspected the backhoe and saw a clean break on the boom. They both testified that it would take a great deal of stress beyond ordinary use to cause the break. The site superintendent telephoned Lawless Homes' construction manager, Rob Lawless, and told plaintiff and Kastner that Rob Lawless said to fix it and to see if plaintiff could get a rental tractor to finish the job. The backhoe was transported that evening to Washington Tractor to be repaired.

Cliff Pund, an employee of Washington Tractor, testified that he inspected the backhoe the next morning. The extended part of the boom was broken off and the extender and cylinder were bent. He testified that the break was a "fresh, shiny break clean through", that there was no rust at the break site, and that normal use would not cause such a break. To repair the backhoe, he had to replace the damaged parts. The cost of repair was $7,217.00. In addition, plaintiff paid $200.00 for towing and $745.00 for six days rental of another backhoe to finish the Lawless Homes job.

Plaintiff filed a three count petition to recover damages for negligent damage to personal property against defendant Lawless Homes, Inc. in respondeat superior (Count I), against defendant Dave Pilla (Count II), and both defendants jointly (Count III). The cause was tried to the court. Neither party requested findings of fact or conclusions of law and none were made. The trial court entered judgment in plaintiff's favor on Count III against defendants jointly and severally and awarded damages of $8,174.49 representing the cost of repairs, towing and rental. Both parties appeal.

## DISCUSSION

■ As a preliminary matter, we must address our jurisdiction of this appeal. The trial court did not dismiss or otherwise dispose of Counts I and II, the separate negligence counts against Lawless Homes, Inc., individually, and Dave Pilla, individually, which it should have done. See *Straatman v. Straatman*, 780 S.W.2d 709, 711 (Mo.App. 1989). However, the parties agree that the entry of judgment on Count III against both parties jointly and severally precludes any further relief against either party under Counts I and II which sought the same relief against each party separately. The judgment on Count III implicitly disposes of Counts I and II and allows us to consider this appeal. See *Strubberg v. Roethemeyer*, 941 S.W.2d 557, 560 (Mo.App.1997); *Podlesak v. Wesley*, 849 S.W.2d 728, 730 (Mo.App. 1993).

On appeal of a court-tried case, we will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); Rule 73.01(c). Where the trial court enters no findings of fact or conclusions of law, we assume that the trial court resolved all issues of fact in accordance with the result reached. Rule 73.01(a)(3).

### A. *Defendants' Appeal*

#### 1. *Liability*

For their first point, defendants contend that no substantial evidence supported the award of damages because defendants had exercised reasonable care while the backhoe was in their possession. We disagree.

Plaintiff proceeded on a theory of negligent bailment. A legal bailment is defined as "a contract resulting from the delivery of a thing by the bailor to the bailee on condition that it be restored to the bailor in accordance with his directions as soon as the purpose for which it was bailed is satisfied." *Temple v. McCaughen & Burr, Inc.*, 839 S.W.2d 322, 326 (Mo.App.1992). The bailee has the duty to exercise ordinary care with respect to the bailed article. *Id.* The bailee's exercise of ordinary care is an issue of fact rather than of law. *Id.* "[T]he burden of going forward with the evidence is on the bailee, while the burden of proof remains with the bailor." *Id.* Upon proof of loss, plaintiff's allegation that the backhoe was damaged because defendants failed to use reasonable care raised an inference of negligence under the doctrine of res ipsa loquitur, thereby shifting the burden to defendants to go forward with evidence of due care. *Kinder v. Fantasy Coachworks, Ltd.*, 762 S.W.2d 533, 534 (Mo.App.1988).

Because a loss was shown, plaintiff made prima facie showing of negligence under res ipsa loquitur which is sufficient to support a verdict in his favor. *Id.* The trial court could reject defendants' testimony that Pilla used due care and find for plaintiff on the inference of negligence arising from the facts shown. *Id.* Point one is denied.

#### 2. *Damages*

In their second point, defendants contend that the trial court erroneously declared and applied the law in calculating damages according to the cost of repair. They argue that the measure of damages is the difference between the fair market value before the property was damaged and its fair market value after it was damaged.

Where personal property used in business has been damaged, but not completely destroyed, through negligence, the owner may recover the amount of injury to the property plus the value of its use during the time reasonably required to repair it. *Orr v. Williams*, 379 S.W.2d 181, 189 (Mo.App.1964). The value of its use is the cost of renting a similar piece of equipment or, if no similar equipment can be rented, lost profits. *Id.* at 190.

The general rule for measuring damage to personal property by others is the difference between the fair market value immediately before and immediately after the event causing the damage. *Id.* One of the exceptions to the general rule is that the cost of repair may be used to calculate damages when the property can be completely restored to its former condition at a cost less than its diminution in value. *Tull v. Housing Authority of City of Columbia*, 691 S.W.2d 940, 942 (Mo.App.1985); *Southwestern Bell Tel. Co. v. Rawlings Mfg. Co.*, 359 S.W.2d 393, 399 (Mo.App.1962). In order to measure damages by the cost of repair, there must be evidence that the cost of repair is less than its diminution in value. *Southwestern Bell*, 359 S.W.2d at 399. In this case there was no evidence of the monetary diminution in value of the backhoe to compare with the cost of repairs. We are thus required to reverse and remand this part of the damage award. *See Thomson v. Bast*, 309 S.W.2d 667, 670 (Mo.App.1958).

Defendants raised this issue during trial, but were overruled by the trial court. Plaintiff argues that defendants' objection was not preserved because they did not renew it in a motion for a directed verdict at

the close of all the evidence or in a motion for new trial. Because this was a court-tried case, defendants were not required to file these motions to preserve this issue for review. Rule 73.01(b). Accordingly, those cases which have affirmed an award of damages based on cost of repair without evidence of diminution in value because the issue was not preserved do not apply. *See e.g., Oberhaus v. Eichwald*, 303 S.W.2d 29 (Mo.1957).

The award of damages for injury to the backhoe must be reversed and the case remanded for a new trial on the amount of those damages.

### B. *Cross Appeal*

For his sole point on cross-appeal, plaintiff asserts that the trial court misapplied the law in failing to award him lost profits while the backhoe was being repaired. Plaintiff argues that he prayed for lost profits in the amount of $2,355.00, that the evidence of these profits was uncontested, and that he was entitled to recover those lost profits as part of his damage for loss of use as set out in *Orr* and *McCauley v. Stone*, 315 S.W.2d 476 (Mo.App. 1958).

Under *Orr* a plaintiff can recover either the cost of rental of a similar piece of business property for the period of repairs or, if similar property cannot be rented, lost profits for that period. *Orr*, 379 S.W.2d at 190. In this case the evidence supported an award of the cost of renting a backhoe for the period of repairs as loss of use damages. Plaintiff testified he rented a backhoe for six days. Pund testified that it took five to six days to repair the backhoe. The trial court awarded plaintiff the cost of renting another backhoe for those days. Because he was awarded the cost of rental, plaintiff was thus precluded from also recovering lost profits.[1] This point is denied.

That part of the judgment of the trial court awarding damages for the injury to the property in the amount of $7,217.00 is reversed and remanded for a new trial on the amount of those damages. The remainder of the judgment is affirmed.

PAUL J. SIMON, P.J. and LAWRENCE E. MOONEY, J., concur.

---

1. Even if plaintiff had not been awarded the cost of rental, plaintiff did not adduce sufficient evidence to support an award of lost profits. Plaintiff offered into evidence an exhibit which showed other jobs he had been hired to do for Kastner Plumbing and the fixed price he would have been paid for those jobs, which Tom Kastner verified. These prices totaled $4,710.00 which, according to plaintiff's testimony, was the cost of his labor. Plaintiff did not adduce any evidence about what the profits would be on those jobs or how he would calculate them. In addition, plaintiff testified that it would have taken him three weeks to do those jobs, whereas his own witness testified that it took only five or six days to repair the backhoe.