John A.S. LANE, Jr., and John C. Schierholz, Individuals and as general partners of 118 Partnership, Appellants,

v.

TANDY CORPORATION and Tandycrafts, Inc., Respondents.

No. ED 75796.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 7, 1999.

Rodolfo Rivera, Christopher M. Braeske, Anderson, Schmidt & Rivera, P.C., Clayton, for appellant.

Matthew S. Hendricks, William L. Davis, Moser and Marsalek, P.C., St. Louis, for respondent.

Before: GARY M. GAERTNER, P.J., PAUL J. SIMON, J., and JAMES R. DOWD, J.

*MEMORANDUM DECISION*

PER CURIAM.

Color Tile, the tenant, entered into a lease with the landlord, 118 Partnership. Tandy Corporation (Tandy) guaranteed Color Tile's performance and payment under the lease. 118 Partnership and Color Tile extended the lease but changed the formula to determine rent. The tenant defaulted on the lease, and 118 Partnership sought to recover from Tandy under the guaranty. The trial court entered summary judgment in favor of Tandy. 118 Partnership appeals from this judgment. 118 Partnership claims that because the lease extension calls for a lesser amount of rent, it is not a material change; therefore, the guaranty should cover the extension. 118 Partnership also argues that even if it is a material change, the guaranty should still be valid because Tandy's liability is less under the extension formula than under the formula in the original lease.

We have reviewed the briefs and the record on appeal. Any material alteration of a guarantor's obligation discharges the guarantor unless the guarantor has consented to the alteration. *LeMay Bank & Trust Co. v. Lawrence*, 710 S.W.2d 318, 322 (Mo.App. E.D.1986). If a change enlarges or lessens the guarantor's liability, the guarantor is discharged, and Missouri courts do not inquire as to whether the change was injurious or beneficial. *Wigley v. Capital Bank of Southwest Missouri*, 887 S.W.2d 715, 724 (Mo.App. S.D.1994).

We cannot conceive of a lease term that is more material than rent. There is some disagreement as to whether the rent term in the lease enlarges or lessens Tandy's liability. As the *Wigley* case holds, this distinction is irrelevant. *Id.* In its reply brief, 118 Partnership also contends that Tandy waived notice in the guaranty of any changes to the lease. The waiver provision in question, however, only waives notice of actions taken under the lease. Because the lease extension contains a material change, it is effectively a new lease, and the waiver provision does not apply.

118 Partnership concedes that Missouri law will discharge the guarantor regardless of whether the material change enlarges or lessens the guarantor's liability. 118 Partnership contends that we should change because it is unfair not to hold the guarantor liable for an obligation that is less burdensome than that which was undertaken in the original lease.

We decline to do so. A guarantor should not be liable for the performance of a contract that is materially different than that which it agrees to guarantee. In this case, Tandy could have concluded that the lesser amount of rent made the lease less desirable to guarantee. Tandy could have concluded that the reason 118 Partnership agreed to the lesser amount was that Col-

or Tile's financial viability had deteriorated so that it might not be able to continue paying the rent according to the original formula. The guarantor has the right to consent to such a new and different undertaking.

The judgment is affirmed pursuant to Rule 84.16(b). Respondent's motion to strike appellants' reply brief is denied.