Esther BECHTLE and John D. Schaperkotter, Personal Representatives of the Estate of Dr. Richard Bechtle, Deceased, Respondent/Cross–Appellant,

v.

TANDY CORPORATION, d/b/a Radio Shack, Appellant/Cross–Respondent.

Nos. ED 78643, ED 78702.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 2002.

James H. Ferrick, III, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Plaintiff Dr. Richard Bechtle [1] (Dr. Bechtle) brought an action against Tandy Corporation, d/b/a Radio Shack, (Tandy) and Tandycrafts, Inc. (Tandycrafts), for amounts due under a lease as guarantor.[2] After a bench trial, the trial court concluded there was no material alteration of or departure from the lease and entered judgment in favor of Dr. Bechtle. The trial court awarded Dr. Bechtle $538,042.82 in damages, including attorney's fees, but denied his motion for post-trial attorney's fees. Tandy and Dr. Bechtle appealed and their appeals were consolidated. We affirm the judgment and award of attorney's fees, but reverse the denial of post-trial attorney's fees and remand.

In January 1974, Color Tile of Missouri, Inc. (Color Tile), entered into a lease agreement (Lease) with DuBose Corporation for property located at 6000 South Lindbergh Boulevard, St. Louis, Missouri (Premises). The initial term of the Lease was to begin on September 15, 1974. Tandy executed a guaranty in favor of DuBose Corporation, its successors and assigns, concurrently with the execution of the Lease by Color Tile. Dr. Bechtle purchased the property in January 1981 and became the lessor under the Lease pursuant to a Lease Assignment and Assumption Agreement.

The Lease provided for periodic rent escalations at five-year intervals during an initial twenty-year term, and specified the

Matthew S. Hendricks, St. Louis, MO, for appellant.

1. Esther Bechtle and John D. Schaperkotter, personal representatives of the Estate of Dr. Richard Bechtle, have been substituted for the decedent, Dr. Bechtle.

2. Tandycrafts was dismissed from the action without prejudice.

formula by which each rent escalation was to be calculated. The Lease provided for rent escalations at the end of years five, ten, and fifteen. The Lease provided for additional rent escalations if Color Tile chose to extend the term of the Lease beyond the initial twenty-year term. All of the escalation formulas were driven by the Consumer Price Index (CPI).

Color Tile rented the Premises during the full extent of the twenty-year term. During this period, Color Tile and Dr. Bechtle did not follow the formula set forth in the Lease for calculating any of the rental escalations in that they did not use the proper CPI's. Neither Color Tile nor Dr. Bechtle notified Tandy of the failure to follow the formula. In January of 1994 in anticipation of the expiration of the initial twenty-year term on September 14, 1994, Color Tile exercised its option to extend the Lease through September 14, 1999. Dr. Bechtle accepted. Color Tile and Dr. Bechtle again failed to use the correct CPI's in calculating the rent for the extension period. Again, no notice was given to Tandy.

In December 1995, Color Tile defaulted on the Lease and went into bankruptcy. Color Tile failed to make any payments due on the Premises for the period of December 15, 1995 through January 24, 1996. Color Tile continued to occupy the Premises and resumed making rental payment on January 24, 1996, and paid until August 1997, at which time Color Tile abandoned the Premises. On January 20, 1998, Dr. Bechtle entered into a lease of the Premises with Missouri Goodwill Industries, with rental payments to begin on May 1, 1998.

Thereafter, Dr. Bechtle filed this action. After Tandycrafts was dismissed, Dr. Bechtle proceeded with his action against Tandy, as guarantor of rent under the Lease, for amounts due under the Lease.

The parties waived a jury trial. The trial court found there was no material alteration of or departure from the Lease and that Tandy was bound by its obligations under the guaranty. The trial court awarded Dr. Bechtle damages, which included a 10 per cent late charge, as follows: (1) Rent $101,908.12; (2) Taxes $54,294.71; (3) Repairs and Maintenance $146,523.71; (4) Real Estate Commissions and Fees $39,798.00; (5) Other Accounting Fees $1,420.00; (6) Travel Expenses $7,500.00; and (7) Legal Fees, Expenses and Costs $186,598.28. Neither party requested findings of fact or conclusions of law. Tandy filed a Motion for Judgment Notwithstanding the Verdict or in the Alternative for a New Trial. Dr. Bechtle filed a Motion to Supplement Award of Costs and Attorney's Fees. The court denied Tandy's and Dr. Bechtle's motions. Tandy now appeals from the judgment, awarding Dr. Bechtle $538,042.82 in damages, and Dr. Bechtle in a cross-appeal challenges the denial of supplementary attorney's fees.

■ In a court-tried case, we sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where the trial court enters no findings of fact or conclusions of law, we assume that the trial court resolved all issues of fact in accordance with the result reached. Rule 73.01(c); *Lewis v. Lawless Homes, Inc.*, 984 S.W.2d 583, 586 (Mo.App. E.D.1999).

## TANDY'S APPEAL

Tandy contends the trial court erred in finding there was no material alteration of or departure from the Lease, and thus, Tandy was bound by its obligations under the guaranty. Specifically, Tandy argues

the trial court erred in finding Tandy was bound by the guaranty because: (1) the rent Color Tile paid for the 1994 to 1999 extension period was more than it should have paid using the correct formula and CPI's; (2) Color Tile and Dr. Bechtle abandoned and defaulted on the original Lease and entered into a new lease; (3) Color Tile and Dr. Bechtle did not enter into an agreement to amend the Lease but rather made mistakes in calculating the rental escalations; and (4) Color Tile and DuBose Corporation amended the Lease without notice to Tandy. Additionally, Tandy maintains the trial court erred in awarding damages for repairs and maintenance and travel expenses.

■ Tandy, in its first point, maintains Color Tile and Dr. Bechtle's failure to adhere to the terms of the Lease when calculating rent was a material alteration to the Lease which resulted in Color Tile paying more rent than it should have in the 1994 to 1999 extension period, thereby triggering the guaranty's notice requirement. We disagree.

■ Generally, a material alteration of the obligation guaranteed without the guarantor's consent will discharge the guarantor. *Wigley v. Capital Bank of Southwest Missouri*, 887 S.W.2d 715, 724 (Mo.App.S.D.1994). If any change enlarges or lessens the liability, it is material and discharges the guarantor, and courts do not inquire whether the alteration was injurious or beneficial. *Id.*

The guaranty reads in pertinent part as follows:

The Guarantor hereunder further agrees that Lessee may, as determined in its sole discretion enter into any one or more agreements with Lessor amending said Lease, and any such amendment shall be binding upon the Guarantor hereunder without necessity of joining in the execution of or being notified of any such amendment, except any amendment which would increase the rent payable by the Lessee under said Lease or substantially increase any other liability or obligation of the Lessee under said Lease.

It is undisputed that Color Tile and Dr. Bechtle did not adhere to the formula as set forth in the Lease when computing any of the periodic rental escalations during the initial twenty-year term or for the extension period after the initial term. This resulted in Color Tile paying amounts of rent that were different from the amounts it should have paid had they followed the formula and used the correct CPI's as set for in the Lease. There is some dispute as to whether the rent Color Tile paid in this period was more or less than it should have paid had the proper formula and CPI's been used. However, their failure to adhere to the formulas as set forth in the Lease did not alter the contractual obligation guaranteed by Tandy even if Color Tile paid more during this period.

Color Tile and Dr. Bechtle did not change the terms of the Lease. They did not enter into any agreement to amend the terms of the Lease. Color Tile and Dr. Bechtle simply made errors in calculating the rent escalations. The terms of the Lease remained the same. Tandy's liability or obligation under the Lease never changed. Tandy's only obligation with respect to the rent was to pay the rent as set forth in the Lease if Color Tile did not. Color Tile's and Dr. Bechtle's errors never changed those terms. Further, there is no evidence that Tandy would be required to pay more than Color Tile was obligated to pay under the Lease had Color Tile continued as the lessee. Accordingly, we find their failure to strictly adhere to the formula set forth in the Lease to calculate the

rent escalations was not a material alteration of the Lease of which Tandy was entitled to notice. Point denied.

■ In its second point, Tandy asserts that Color Tile and Dr. Bechtle abandoned and defaulted on the original Lease and entered into a new lease to which the guaranty did not apply, thus, releasing Tandy from liability. Specifically, Tandy maintains their failure to adhere to the specific formula set forth in the Lease with respect to the extension, resulted in the formation of a new and different contract. We disagree.

■ In support of its position, Tandy correctly notes that where the lease extension contains a material change, it is effectively a new lease to which the guaranty does not apply. *Lane v. Tandy Corp.*, 8 S.W.3d 190 (Mo.App. E.D.1999). In *Lane*, however, the parties entered into an agreement to change the formula set forth in the lease for the calculation of rent for the extension, thereby, changing the obligation of the guarantor. *Id.* Here, Color Tile and Dr. Bechtle did not agree to change the terms of the Lease. Dr. Bechtle testified that there was no meeting of the minds and that they simply made errors. The parties' failure to adhere to the terms of the Lease in calculating the rent for the extension period was a mistake and did not change the obligation of Tandy. Accordingly, we find there was no material change in the Lease, and therefore, Color Tile and Dr. Bechtle did not enter into a new lease. Point denied.

In its third point, Tandy contends Color Tile and Dr. Bechtle did not enter into an agreement to amend the Lease but rather made mistakes in calculating the rent in each renewal and extension period which constituted a material alteration in the Lease, thereby triggering the guaranty's notice requirement. We disagree.

As previously noted, the mistakes made by Color Tile and Dr. Bechtle in calculating the rent for each renewal and extension period did not change the obligation guaranteed by Tandy and did not constitute a material alteration in the Lease. Point denied.

■ In its fourth point, Tandy argues Color Tile and DuBose Corporation, the lessor prior to Dr. Bechtle, entered into an agreement with Marin Management Company that waived sections of the Lease dealing with condemnation and takings. Specifically, Tandy contends the granting of a temporary easement was an alteration or departure from the Lease that increased Tandy's obligation and liability under the Lease because Color Tile lost the ability to claim relief from condemnation, easement or other hazard and because Color Tile failed to obtain a reduction in rent for the unusable portion of the Premises. We disagree.

Sections 1201 and 1202 of the Lease deal with takings and condemnation "for a public or quasi-public use or purpose of any competent authority." Marin Management Company is a private entity with no governmental powers and, thus, does not possess the power to condemn or take under the authority of eminent domain. *See Tierney v. Planned Indus. Expansion Authority of Kansas City*, 742 S.W.2d 146, 155 (Mo. banc 1987). Accordingly, the temporary easement has no bearing on sections 1201 and 1202 of the Lease and, thus, did not affect Tandy's obligation or liability under the Lease according to these sections.

Tandy also contends that Color Tile's failure to obtain a reduction in rent for the unusable portion of the Premises resulted in an increase in Tandy's liability under the Lease. Tandy offers no support for this assertion and we found none in the record. Accordingly, we find the agree-

ment with Marin Management Company did not increase Tandy's obligation under the Lease. Point denied.

■ Tandy, in its fifth point, argues the trial court erred in awarding damages for repairs and maintenance in the amount of $146,523.71 and travel expenses in the amount of $7,500.00. Specifically, Tandy maintains the construction and rehabilitation expenses offered by Dr. Bechtle were not supported by expert testimony regarding their necessity and reasonableness, and Dr. Bechtle's travel expenses were not established with reasonable certainty. We disagree.

The Lease required that Color Tile would be liable for the reasonable expenses of re-letting including the "reasonable" costs of "decorating and restoring" the Premises. Tandy contends that expert testimony is necessary to determine what costs were reasonable as that term is used in the Lease. However, Tandy concedes there is no Missouri case holding that expert testimony is necessary to establish "reasonable" costs under a contract.

Here, Dr. Bechtle testified as to the expenses of rehabilitation and that he paid for those repairs which included repairs to the roof and guttering, electrical system, driveway and parking lot, ceiling, floors, light fixtures, and bathrooms. Additionally, Dr. Bechtle presented a commercial real estate agent and two engineers who testified to the damage to the property and what parts of the Premises needed repair and that a new tenant would not lease the Premises unless and until the repairs were made. Accordingly, we find there was substantial and competent evidence to support the trial court's award of damages for repairs and maintenance.

■ Tandy also contends the trial court erred in awarding damages for travel expenses in the amount of $7,500.00. Tandy

maintains this amount was not established with reasonable certainty.

■ Generally, damages need not be established with absolute certainty, but reasonable certainty is required as to both existence and amount, and the evidence must not leave the matter to speculation. *Affiliated Acceptance Corp. v. Boggs,* 917 S.W.2d 652, 657 (Mo.App. W.D.1996). Here, Dr. Bechtle testified he made two trips to the United States from Switzerland for the litigation of the case. One trip was for a deposition and the other was for the trial. Dr. Bechtle testified he spent approximately $3,000.00 for each trip. Dr. Bechtle also testified he made another trip to inspect the Premises in August 1997 and testified the trip cost him a minimum of $2,500.00. Additionally, Dr. Bechtle's tax advisor testified Dr. Bechtle spent "approximately $15,000.00 for trips to the United States of which "approximately 66% were directly attributable to the Premises. The tax advisor testified that "the least" Dr. Bechtle spent would have been $7,500.00. Accordingly, we find there was sufficient evidence from which the trial court could find with reasonable certainty that Dr. Bechtle's travel expenses were $7,500.00. Accordingly we find the trial court did not err in awarding Dr. Bechtle $7,500.00 in damages for travel expenses. Point denied.

### DR. BECHTLE'S CROSS–APPEAL

■ Dr. Bechtle contends the trial court erred in denying his Motion to Supplement Award of Costs and Attorney's Fees because an award of attorney's fees properly includes fair and reasonable attorney's fees incurred in defending post-trial motions under the Lease. Dr. Bechtle has also requested, by motion filed with this court, that he be awarded attorney's fees for defending post-trial motions and attorney's fees for this appeal.

■ If a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, the trial court must award them to the prevailing party. *Schnucks v. Bridgeton Health and Fitness, Inc.,* 884 S.W.2d 733, 739 (Mo.App. E.D.1994). Attorney's fees may be awarded on appeal if they are based on a written agreement that is the subject of the issues presented in the appeal. *Ashland Oil, Inc. v. Warmann,* 869 S.W.2d 910, 913 (Mo.App. E.D. 1994). Here, Dr. Bechtle's request for an award of attorney's fees is based on the Lease which provides in pertinent part: "Lessee further agrees to pay all costs and expenses, including attorney's fees, which may be incurred or imposed on Lessor in enforcing this Lease...." Thus, Dr. Bechtle is entitled to reasonable attorney's fees and costs incurred in enforcing the Lease, because the Lease specifically provided for the payment of those expenses.[3] Accordingly, we find the trial court erred in failing to award Dr. Bechtle attorney's fees for defending post-trial motions and grant his point on appeal. Additionally, we grant Dr. Bechtle's motion, taken with the case, for attorney's fees for this appeal and deny that portion of his motion for attorney's fees for defending post-trial motions as moot. Accordingly, we remand with directions to the trial court to determine a reasonable award of attorney's fees for defending post-trial motions and for this appeal.

■ In his brief, Dr. Bechtle requests this court award him post-judgment interest from the date of the trial court's judgment. Dr. Bechtle maintains he is entitled to post-judgment interest from the date of the trial court's judgment pursuant

to the Lease. Dr. Bechtle raises this claim for the first time in this court. This court may not address issues not raised in the trial court. *Ibarra v. Missouri Poster & Sign Co.,* 838 S.W.2d 35, 40–41 (Mo.App. W.D.1992). Accordingly, we deny his request.[4]

We reverse the judgment of the trial court as to attorney's fees for defending post-trial motions and remand with directions to the trial court to determine a reasonable award of attorney's fees for defending post-trial motions and for this appeal. The remainder of the judgment of the trial court is affirmed.

CRANDALL, P.J., and CRANE, J., concur.

---

3. We note the trial court specifically found the fees to be reasonable, but then denied Dr. Bechtle's request.

4. Tandy's motion to strike Dr. Bechtle's request for post-judgment interest is denied as moot.