### Rice, et al. v. Penn Furniture Company.

(Decided May 27, 1924.)

#### Appeal from Johnson Circuit Court.

1. **Logs and Logging—Building of Stable on Other Land Not Violation of Contract by Purchaser of Timber.**—Building of stable on land of others was not violation of contract by purchaser of timber

agreeing to construct houses on location selected by seller of timber, though seller had contemplated getting manure.

2.  Appeal and Error—Verdict Not Disturbed Unless Palpably Against Evidence.—Verdict will not be disturbed unless palpably against evidence.

HOWES & HOWES for appellants.

M. C. KIRK for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On July 14, 1917, appellants by a written contract sold to the appellee all the timber of certain descriptions on a tract of land owned by them in Johnson county in consideration of $13,500 cash in hand paid. Appellee entered upon the land and cut the timber. On October 22, 1919, appellants brought this action against appellee seeking to recover damages for violations of the contract.

The issues were made up and the case was heard before a jury, who returned a verdict for the defendant. The plaintiffs appeal.

The ground relied on for reversal is that the verdict of the jury is palpably against the weight of the evidence and is the result of passion or prejudice on the part of the jury.

Six violations of the contract were relied on:

1.  The contract provided that the houses built by appellee for its use while getting out the timber should be built on locations selected by appellant G. B. Rice. The testimony for the appellant is to the effect that the houses were built a few feet from the locations Rice selected, but in no case was the distance great and the testimony for the appellee shows that they were built where he directed. No stakes were set, the direction was simply given generally, no complaint was made at the time although what was done was well known.

2.  The contract provided that appellee might use coal from the land to fire its engine. It is charged that it used coal for other purposes and allowed others to use it. While there is some proof sustaining this allegation the great weight of the evidence is to the contrary.

3.  The contract provided that no timber under twelve inches was to be cut except for certain named purposes. It is charged that much timber under twelve inches was cut; but the proof for the plaintiff as to the

quantity so cut is very indefinite and the proof for the defendant is positive that nothing was cut except as provided by the contract.

4. It is charged that appellee had destroyed appellants' fences. The weight of the evidence shows that the fences were in a very bad condition when appellee entered and that they were left in as good condition as they were when it entered.

5. The contract provided that appellee should cut the land clean as it went and should not cut over it a second time. There is some conflict of evidence on this question, but the weight of the evidence sustains the verdict.

6. The contract provided that no corner trees were to be cut. While there is some evidence that shows corner trees were cut, the evidence is not clear that any corner trees were cut except a pine, and the weight of the evidence shows that this tree was not marked and it was cut under the supposition that it was not a corner tree.

In addition to all this it appears from the proof that there was no trouble between the parties until appellee built a stable on an adjoining tract of land and kept its teams in this stable, thus preventing the appellants from getting the manure which they anticipated getting if the teams had been kept on their tract. The complaints now urged seem all to have originated after this stable was built and there seems to have been no trouble between the parties up to this time. The building of the stable was not a violation of the contract, for appellee had a right to keep its teams where it was most convenient to do so.

The rule is that the verdict of a jury will not be disturbed here unless palpably against the evidence. There is nothing in the record to indicate passion or prejudice on the part of the jury. Appellants are citizens of Johnson county. Appellee is a foreign corporation and none of its officers reside there.

A jury of the vicinage, chosen from the different walks of life, is the tribunal best calculated to determine questions like these. The jury saw and heard the witnesses; they knew local conditions; the result they reached was their unanimous conclusion as to what was just and right.

Judgment affirmed.