RENDERED:  SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0851-MR


CLARK BERNARD, M.D. AND
KYLIE BERNARD                                                                    APPELLANTS


v.                          APPEAL FROM WARREN CIRCUIT COURT
                            HONORABLE JOHN GRISE, JUDGE
                            ACTION NO. 14-CI-00673


VERNON L. GARY REVOCABLE
TRUST; ESTATE OF VERNON L.
GARY, BY AND THROUGH
VERNON "SCOTT" GARY,
EXECUTOR; GIBSON REALTY
D/B/A RE/MAX REAL ESTATE
EXECUTIVES; JANE SAFFORD;
NELDA ANN GARY REVOCABLE
TRUST; NELDA ANN GARY, AS
TRUSTEE OF THE NELDA ANN
GARY REVOCABLE TRUST; AND
NELDA ANN GARY,
INDIVIDUALLY                                                                        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND ECKERLE, JUDGES.

COMBS, JUDGE:  This case involves claims of fraud associated with the purchase of realty.  Clark Bernard, M.D., and Kylie Bernard, his wife, appeal the judgment of the Warren Circuit Court entered on May 20, 2022.  The judgment was entered following a jury's verdict in favor of Vernon L. Gary Revocable Trust and Vernon L. Gary, Individually and as Trustee of the Vernon L. Gary Revocable Trust and Nelda Ann Gary Revocable Trust, and Nelda Ann Gary, Individually and as Trustee of the Nelda Ann Gary Revocable Trust.  The litigation was based on the Bernards' claims of fraud in their purchase of a residence in Bowling Green.  After our review, we affirm the judgment of the Warren Circuit Court.

The Garys retained Jane Safford, a licensed real estate agent, to list and sell their home.  On June 11, 2012, they completed a sellers' disclosure form related to the condition of the property that they had occupied for twelve years.  The simple, preprinted form required check marks indicating "yes" or "no" to a series of questions concerning the state of the home's plumbing, electrical, and HVAC systems; foundation; basement; roof; drainage; boundaries; *etc*.  Prospective buyers were advised that the limited disclosure was not a substitute for an independent inspection of the property; that the homeowners were not construction or engineering experts; and that the homeowners were able to disclose additional information upon inquiry.  Prospective buyers were encouraged to undertake an independent inspection of the property.

On December 14, 2012, Clark Bernard entered into a contract to purchase the Garys' home. The Bernards married, closed on the purchase, and moved into the house.

Some eighteen months later, on June 2, 2014, the Bernards filed a civil action in Warren Circuit Court against the Garys. The Bernards alleged that the Garys had misrepresented the condition of the house. They asserted that the Garys failed to disclose the flooding of the basement; the existence of a latent defect in the home's hot water recirculation line; the growth of mold in the home; and ongoing litigation affecting the property. Their claims against the Garys included: breach of contract, fraudulent misrepresentation, and violation of Kentucky's Consumer Protection Act (KRS[1] Chapter 367). The Garys answered the complaint and denied the allegations. The trial court concluded that provisions of Kentucky's Consumer Protection Act did not apply to real estate transactions conducted by individuals and, by order entered November 16, 2016, it dismissed that portion of the claim.

In a separate action filed in November 2016, the Bernards asserted claims against Jane Safford and her employer, Gibson Realty, Inc., d/b/a REMAX Real Estate Executives (the Realty Defendants). Those claims included: misrepresentation, fraud, breach of fiduciary duty, and violations of the provisions

---

[1] Kentucky Revised Statutes.

of KRS 324.360 and Kentucky's Consumer Protection Act. The Bernards claimed that Safford completed the sellers' disclosure form with input from the Garys -- but that she failed to obtain a signed release from them in violation of the provisions of KRS 324.360(9). The civil actions were consolidated by an order entered on January 17, 2017.

Following a period of discovery, the trial court entered summary judgment dismissing the statutory claims asserted against the Realty Defendants in an order entered on March 19, 2019. Ultimately, the remaining claims against them were also dismissed.

The case was tried before a jury in May 2022. Over the course of four days, the jury heard testimony from plumbers, home inspectors, a real estate broker, and the parties themselves. Additionally, a jury visit/view was undertaken. The jury inspected the entirety of the exterior and interior of the home -- including its basement. Following its deliberation, the jury rejected the Bernards' claim of fraud, returning a 9-3 verdict for the defense. This appeal followed.

On appeal, the Bernards argue that the jury's verdict in favor of the Garys was palpably against the weight of the evidence. They also argue that the trial court erred by granting summary judgment to the Realty Defendants. We disagree with both contentions.

First, we consider the judgment entered upon the jury's verdict. Under Kentucky law, a party claiming harm through fraudulent misrepresentation "must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). Our appellate standard in reviewing this issue is whether there was sufficient, competent evidence to support a judgment in favor of the prevailing party.

A new trial may be granted only where the jury's verdict is clearly and palpably against the weight of the evidence. *Adams Express Co. v. Tucker*, 161 Ky. 741, 171 S.W. 428 (1914). The credibility of the witnesses and the weight to be given the testimony are matters for the jury to determine. *Kentucky Utilities Co. v. White Star Coal Co.*, 244 Ky. 759, 52 S.W.2d 705 (1932). Reversal is appropriate only where the verdict is wholly unsupported by the evidence and appears to have been delivered only as the result of fraud, passion, or prejudice. *Rice v. Penn Furniture Co.*, 203 Ky. 412, 262 S.W. 575 (1924).

The Bernards contend that the evidence introduced at trial was so overwhelmingly favorable to them that the jury's verdict must have been the result of fraud, passion, or prejudice. They rely exclusively upon the representations

-5-

contained in the sellers' disclosure. The Bernards argue that the evidence proves that the Garys misrepresented the condition of the home's plumbing, the history of leaks and flooding, the existence of mold, and the existence of legal proceedings affecting the property.

The Bernards first dispute the representations about the home's plumbing found in section (1)(a) of the disclosure form. The Garys represented affirmatively that there had, in fact, been a problem with the home's plumbing. Included next to the question was a notation handwritten by Safford reading, "General Maintance" [*sic*].

At trial, the Garys' plumber, Dustin Krantz, testified that he made nine service calls to the home to repair the hot water recirculation system. Eventually, he recommended that the Garys simply disconnect the nonessential hot water recirculation pump. Krantz also testified that Vernon Gary's daily routine included a visit to the basement to look for leaks.

The Bernards' expert, Vern Wolfe, opined in his testimony that the repair of nine leaks in the hot water recirculation system did not constitute "general maintenance" to plumbing. The Bernards argue that this testimony alone is absolute proof that the Garys materially misrepresented the condition of the home and that they were entitled to a verdict in their favor. We disagree.

The report prepared by Mike Davis following his whole-home inspection indicated that the home's copper plumbing lines appeared serviceable. He detected no leaks. Coupled with the Garys' affirmative written response acknowledging that there had been a problem with the plumbing system, we conclude that the jury was not compelled to find that the Garys failed to properly disclose the condition of the plumbing system or that they materially misrepresented the condition of the house causing the Bernards to suffer damages.

Next, the Bernards contend that the evidence wholly supports a finding that the Garys failed to disclose a flood in the basement of the home. They rely on a photograph posted to social media by the Garys showing their grandson paddling a kayak in the flood water in their basement.

However, the Garys unequivocally answered in the affirmative on the disclosure form where they were asked to disclose any problems with the home's foundation or basement. They disclosed that the basement had leaked; that it had leaked for the last time in May 2010; and that it had been repaired through a "total redo." They explained in their written disclosure that the repairs had been undertaken from May 2 through June 30, 2010, at a cost of $10,000.00. A local real estate agent and broker testified that the Garys' written disclosure was accurate and complete with respect to the basement. In light of this evidence, the jury was not compelled to find that the Garys failed properly to disclose the

condition of the basement or that they materially misrepresented the condition of the house causing the Bernards to suffer damage as a consequence.

The Bernards also contend that the evidence proves that the Garys misrepresented the existence of mold growth in the home. Vernon Gary testified that he noticed mildew in the shower and bathroom and that it was removed by the housekeeper. Clark Bernard testified that he toured the house before he made an offer to purchase and that he had the opportunity to inspect every part of the home. He did not believe that an independent mold inspection was necessary, and he admitted that the purchase agreement included a "hold harmless" clause with respect to the presence of mold and other microscopic organisms. Again, this evidence did not compel a finding that the Garys materially misrepresented the condition of the house as to cause harm to the Bernards.

Finally, the Bernards argue that in their written disclosure, the Garys falsely denied the existence of legal proceedings that affected the property. Nevertheless, and to the contrary, the jury heard from Vernon Gary that legal proceedings concerning the neighborhood homeowner's association had indeed occurred but that he did not believe that they affected the property. Moreover, Clark Bernard admitted in his testimony that the proceedings did not appear to pertain to the house and were settled without his participation. This evidence did

not compel the jury to find in favor of the Bernards with respect to their fraudulent misrepresentation claim.

Nothing in the record indicates that the jury acted solely upon passion or prejudice in rejecting the fraudulent misrepresentation claim asserted against the Garys by the Bernards. A local jury, properly seated and instructed, examined the documentary evidence; considered the testimony of various witnesses; and reached consensus. No improprieties were reported or asserted. Because the verdict is not flagrantly against the evidence, we have no basis upon which to disturb it. Therefore, we must affirm the judgment.

The Bernards also appeal the trial court's decision to grant summary judgment to the Realty Defendants. The question before us on appeal is whether the court correctly determined that these defendants were entitled to judgment as a matter of law.

Summary judgment is properly granted where:

the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

CR[2] 56.03. Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision.

---

[2] Kentucky Rules of Civil Procedure.

*Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the decision *de novo*. *Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

The Bernards present two bases for reversal of the summary judgment awarded to the Realty Defendants. First, the Bernards contend that they suffered damages as a result of Jane Safford's failure to indicate that *she* -- not the Garys -- completed the sellers' disclosure. They argue that Safford violated provisions of KRS 342.360(9), requiring that she obtain the Garys' written acknowledgement of their request for her to complete the disclosure form.

The Bernards also contend that the provisions of KRS 446.070 provide them with a private right of action against Safford for her failure to obtain the required acknowledgment. "Through KRS 446.070, 'Kentucky has codified the common law negligence per se doctrine and created an avenue by which an individual may seek relief even where a statute does not specifically provide a private remedy.'" *Hickey v. Gen. Elec. Co.*, 539 S.W.3d 19, 23 (Ky. 2018) (quoting *Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 817 (E.D. Ky. 2014)). KRS 446.070, known as the negligence *per se* statute, provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation[.]"

KRS 324.360(9) provides as follows:

It shall be a violation of this chapter for a licensee to complete any portion of the form unless the licensee is the owner of the property or has been requested by the owner to complete the form. The request shall be acknowledged in writing on the form and the licensee shall be held harmless for any representation that appears on the form.

In its judgment, the trial court determined that the Realty Defendants were entitled to summary judgment with respect to this claim because no claim arose from the violation of KRS 324.360(9) simply by virtue of Safford's completing the sellers' disclosure form at the Garys' request -- but failing to obtain the Garys' signature acknowledging the arrangement. Furthermore, it concluded that any damages "suffered by the [Bernards] would result from the alleged misrepresentations included in the form, not merely the absence of a signature identifying that Safford has the sellers' permission to complete the [sellers' disclosure form.]" And no injury was found to have been suffered by the Bernards.

We agree that the only individuals potentially impacted negatively by the oversight were the Realty Defendants themselves. Without the sellers' signatures, an agent has no contractual right of indemnity against the sellers for any misrepresentations appearing on the disclosure form. The written acknowledgement by the real estate agent entitles the **agent** to be "held harmless for any representation that appears on the form." KRS 324.060(9). Thus, the

statute is intended to protect the interest of the real estate agent herself rather than prospective purchasers.  Assuming, *arguendo*, but without deciding, that Safford violated the provisions of KRS 324.360(9), the Realty Defendants were nonetheless entitled to summary judgment with respect to this claim.

Next, the Bernards contend that the trial court erred by dismissing their Consumer Protection Act claim against the Garys.  The Realty Defendants correctly note that provisions of the Act do not apply to real estate transactions by an individual homeowner.  *Craig v. Keene*, 32 S.W.3d 90 (Ky. App. 2000).  We agree that the Bernards' claim falls outside the scope of the Act.  Therefore, the trial court did not err by granting summary judgment with respect to this claim.

We affirm the judgment of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES THE ESTATE OF VERNON L. GARY, BY AND THROUGH VERNON "SCOTT" GARY, EXECUTOR, AND NELDA ANN GARY:

David E. Broderick
Bowling Green, Kentucky

BRIEF FOR JANE SAFFORD AND GIBSON REALTY, D/B/A/ RE-MAX REAL ESTATE EXECUTIVES:

T. Brian Lowder
Bowling Green, Kentucky